BOND LIQUOR STORE, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. April 26, 1955. Report dismissed. Bond Liquor Store, Inc., brought this petition for a writ of certiorari to quash the action of the respondents, members of the alcoholic beverages control commission, in suspending the petitioner's license under G. L. (Ter. Ed.) c. 138, § 23A, as appearing in St. 1950, c. 780, for an alleged violation of G. L. (Ter. Ed.) c. 93, §§ 14A–14K. The petition was brought in the Superior Court. See G. L. (Ter. Ed.) c. 213, § 1A, inserted by St. 1939, c. 257, § 1. Massachusetts Package Stores Association, Inc., and John Gilbert, Jr., Co., which were the complainants before the respondents, petitioned to intervene and their petition was allowed. The judge, upon request of the parties, reported the case, without decision, upon the petition, the petition to intervene, and the return, which included a transcript of the proceedings before the respondents. The case is not properly here. The power of a judge of the Superior Court to report certiorari proceedings to this court is conferred by G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1. By that section the report must be in the "manner provided in . . . [G. L. (Ter. Ed.) c. 231, § 111] if such proceedings are at law." Since a writ of certiorari is a proceeding at law (*Administrator of the Office of Price Administration* v. *Chook*, 320 Mass. 187, 192), we must find the authority to report in § 111. Under that section a report is permitted in the following instances: (1) "after verdict, or after a finding of the facts by the court," (2) upon the entry of "an interlocutory finding or order" where the judge is of opinion that the finding or order ought to be determined by the full court before any further proceedings in the trial court, and (3) "where there is agreement as to all the material facts." It is obvious that the report here does not come within any of these categories. See *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310, *S. C.* 317 Mass. 245; *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.* 320 Mass. 286, 290.

*Stanley S. Ganz*, for the petitioner.
*Samuel Silverman*, for the interveners.
*Harris A. Reynolds*, Assistant Attorney General, for the respondent.

EDWIN R. GRANT & another *vs.* CHARLES RUTSTEIN. April 29, 1955. Exceptions overruled. This is an action of tort by Edwin R. Grant, a boy five years and ten months of age, to whom we shall refer hereinafter as the plaintiff, for personal injuries, and by his father, Lauris L. Grant, for consequential damages. There was evidence that the plaintiff was struck by an automobile operated by the defendant on Cottage Street, Melrose, in the afternoon of August 8, 1949. The plaintiff walked from a driveway on the defendant's right and proceeded at a slight angle across the street. He and the automobile collided and after the accident his body was lying fifteen inches from the curb on the defendant's left. Cottage Street was eighteen feet wide. The defendant testified that he did not see the plaintiff but heard a sound at the back of his automobile. There were brake marks in the street after the accident somewhat to the driveway side of the street indicating that the automobile swerved to the right. The defendant said to the plaintiff's mother that he "knew it was his fault." The defendant excepted to the denial of his motions, first, for a directed verdict at the conclusion of the evidence, and, second, after verdicts for the plaintiffs taken under leave reserved, for the entry of verdicts for the defendant. There was no error. The questions of the plaintiff's due care and the defendant's negligence were for the jury. See *Mason* v. *Steinmetz*, *ante*, 575.

*John F. Finnerty*, for the defendant.
*Abner R. Sisson*, (*William J. Lee* with him,) for the plaintiffs.