RICHARD R. DOE vs. JOHN J. DOE.[1]

Essex. March 8, 1979. — June 4, 1979.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Alienation of Affections. Criminal Conversation. Practice, Civil,*
*Report.*

A report of questions of law raised by the defendant's motion to dis-
miss an action for alienation of affections and criminal conversa-
tion was not properly before this court where there had been no
agreement as to all the material facts, no verdict or finding of facts,
nor any interlocutory finding or order. [203]

CIVIL ACTION commenced in the Superior Court on
June 6, 1975.

Questions of law were reported to the Appeals Court by
*Garbose, J.,* a District Court judge sitting under statutory
authority. The Supreme Judicial Court granted a re-
quest for direct review.

*Paul M. Kane* for the defendant.
*Paul P. Perocchi* for the plaintiff.

WILKINS, J. The plaintiff filed a complaint in the Su-
perior Court alleging alienation of affections and crimi-
nal conversation. The defendant moved to dismiss the
action "on the grounds that the common law actions for
alienation of affection and adultery are both unconstitu-
tional and contrary to public policy." Without taking any
action on the defendant's motion to dismiss, a judge re-
ported two questions of law to the Appeals Court.[2] We

---

[1] A motion that papers be impounded was allowed in the Superior
Court, and the case has been presented under these unimaginative,
fictitious names. No question has been presented to us concerning the
propriety of the impoundment order. Nothing in the record indicates
why the order was entered.

[2] The reported questions are:
"1. Do the actions of alienation of affection and criminal conversa-

granted the defendant's application for direct appellate review. Because the report is not properly here, we dismiss it.

None of the circumstances in which a judge of the Superior Court may report a case exists here. See G. L. c. 231, § 111; Mass.R.Civ.P. 64, 365 Mass. 831 (1974). There has been no agreement as to all the material facts, nor has there been a verdict or a finding of facts by the judge. The judge made no interlocutory finding or order which he could report if he was of the opinion that the matter ought to be determined by an appellate court. He reported questions of law raised by the defendant's motion to dismiss without entering any order. In such a situation, the report must be dismissed. *Maldonado, petitioner*, 364 Mass. 359, 366 (1973). *Bond Liquor Store, Inc.* v. *Alcoholic Beverages Control Comm'n*, 332 Mass. 756 (1955).

This is not a situation in which we should exercise our discretion to express our views on the questions raised. Contrast *Maldonado, petitioner, supra*; *Moore* v. *Election Comm'rs of Cambridge*, 309 Mass. 303, 306 (1941). The defendant challenges the continuing validity of the torts of alienation of affections and criminal conversation. Where constitutional questions and matters of asserted public policy are raised, it is preferable to pass on the issues in light of a fully developed trial record rather than, as here, in the abstract.

Courts in three States have recently refused to abolish the tort of alienation of affections (*Bearbower* v. *Merry*, 266 N.W.2d 128, 130-134 [Iowa 1978]; *Gorder* v. *Sims*, 306

---

tion constitute an unconstitutional invasion of the Defendant's and the Plaintiff's spouse's rights of privacy and freedom of personal association guaranteed by the First, Third, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States; and

"2. Are the actions of alienation of affection and criminal conversation so antiquated, outmoded, and anachronistic as to contravene sound public policy thereby necessitating that they be abolished?"

Minn.275, 281-283 [1975];[3] *Wyman* v. *Wallace*, 91 Wash.
2d 317, 318 [1979], reversing 15 Wash. App. 395 [1976]),
and courts in two States have recently refused to abolish
the tort of criminal conversation (*Kremer* v. *Black*, 201
Neb. 467 [1978]; *Felsenthal* v. *McMillan*, 493 S.W.2d 729
[Tex. 1973]).

At least sixteen States have by statute eliminated
causes of action for both alienation of affections and
criminal conversation.[4] The Illinois Legislature has not
technically abolished either tort, but it has limited the
plaintiff to actual damages.[5] At least seven other States
have abolished the tort of alienation of affections, but not
the tort of criminal conversation, by statute.[6] The tort of

---

[3] The Minnesota Legislature abolished causes of action for aliena-
tion of affections and criminal conversation in 1978. Minn. Stat. Ann.
§ 553.02 (West Supp. 1979).

[4] Ala. Code tit. 6, § 5-331 (1977). Cal. Civ. Code Ann. § 43.5 (West
1954). Colo. Rev. Stat. § 13-20-202 (1973). Conn. Gen. Stat. Ann. §§ 52-
572b, 52-572f (West Supp. 1979). Del. Code Ann. tit. 10, § 3924 (1974).
Fla. Stat. Ann. § 771.01 (West 1964). Ind. Code Ann. § 34-4-4-1 (Burns
Supp. 1978). Mich. Comp. Laws § 600.2901 (1970). Minn. Stat. Ann.
§ 553.02 (West Supp. 1979). N.J. Stat. Ann. § 2A:23-1 (West 1952). N.Y.
Civ. Rights Law § 80-a (McKinney 1976). Or. Rev. Stat. §§ 30.840,
30.850 (1977). Vt. Stat. Ann. tit. 15, § 1001 (Supp. 1978). Va. Code
§ 8.01-220 (1977). Wis. Stat. Ann. § 248.01 (West Supp. 1978-1979).
Wyo. Stat. Ann. § 1-23-101 (1977).

At least one State, Alabama, allows injunctions against alienation
of affections despite the statute. See *Logan* v. *Davidson*, 282 Ala. 327
(1968); *Henley* v. *Rockett*, 243 Ala. 172 (1942).

Bills to abolish the tort of alienation of affections have failed to pass
the Massachusetts Legislature. 1971 House Doc. No. 3224. 1971 House
Doc. No. 4207. 1977 House Doc. No. 3756. 1978 House Doc. No. 1812.
A similar bill is currently pending. 1979 House Bill No. 2386.

[5] Ill. Ann. Stat. c. 68, §§ 35, 42 (Smith-Hurd 1959). In determining
damages, the jury may not consider the wealth or position of the
defendant; the plaintiff's mental anguish, injured feelings, shame,
humiliation, sorrow or mortification; defamation to the plaintiff's
name or name of his or her spouse; or dishonor to the plaintiff's family.
*Id.* at §§ 37, 44.

[6] Ariz. Rev. Stat. § 25-341 (West Supp. 1978-1979). Me. Rev. Stat.
Ann. tit. 19, § 167 (West Supp. 1978-1979). Md. Cts. & Jud. Proc. Code
Ann. § 5-301(a) (1974). Mont. Rev. Codes Ann. § 17-1201 (1967). Nev.

alienation of affections apparently never existed in Louisiana. *Moulin* v. *Monteleone*, 165 La. 169, 178 (1927). No court of last resort in this country has eliminated the tort of alienation of affections by judicial decision.[7] Courts in two States have abolished the tort of criminal conversation, but each decision was based on the recent omission of adultery from a new criminal code. See *Bearbower* v. *Merry*, 266 N.W.2d 128, 135 (Iowa 1978); *Fagden* v. *Lenkner*, 469 Pa. 272, 280 n.7 (1976). The Iowa court abolished the tort as of the date the new criminal code took effect. Because the alleged conduct preceded that date, the case was allowed to proceed. The court refused to abolish the tort of alienation of affections. In Connecticut, Maryland, and Pennsylvania, courts have held that statutes abolishing the tort of alienation of affections did not abolish the tort of criminal conversation. See *Tarquinio* v. *Pelletier*, 28 Conn. Supp. 487, 489 (Super. Ct. 1970);[8] *Kromm* v. *Kromm*, 31 Md. App. 635, 637 (1976); *Antonelli* v. *Xenakis*, 363 Pa. 375, 378 (1949).[9]

While we recognize that we have the power to abolish these judicially created torts, we decline at this stage of this case to discuss the questions in any detail. There is certainly no clear indication that any principle expressed in the Constitution of the United States overrides the right of a State to recognize torts of this character. We

Rev. Stat. § 41.380 (1975). Okla. Stat. Ann. tit. 76, § 8.1 (West Supp. 1978-1979). Pa. Stat. Ann. tit. 48, § 170 (Purdon 1965). Arizona, Maine, Maryland, Montana, and Nevada have abolished the tort of alienation of affections completely. Oklahoma has abolished it except in cases where the spouse is not of sound mind or not of legal age, and Pennsylvania has abolished it except among relatives.

[7] A decision of the Washington Court of Appeals abolishing the tort of alienation of affections was reversed by the Washington Supreme Court. *Wyman* v. *Wallace*, 91 Wash. 2d 317 (1979), reversing 15 Wash. App. 395 (1976).

[8] The tort of criminal conversation was subsequently abolished by statute in 1971. Conn. Gen. Stat. Ann. § 52-572f (West Supp. 1979).

[9] As mentioned above, Pennsylvania has since abolished the tort of criminal conversation by judicial decision.

leave to another day the question whether the proof required to establish the tort of criminal conversation should be redefined in any way as a matter of policy.

*Report dismissed.*