GARY D. FEARON, executor,[1] vs. COMMONWEALTH.

Suffolk. November 8, 1984. — February 11, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Notice. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act. *Estoppel.*

Provisions of G. L. c. 260, § 10, which toll the statute of limitations in the event of the death of a person entitled to bring an action, have no application to the requirement of G. L. c. 258, § 4, that a claim under the Massachusetts Tort Claims Act must be presented to the appropriate official within two years after the accrual of the cause of action. [52-53]

The facts in an action under the Massachusetts Tort Claims Act raised no issue as to whether the Commonwealth could be estopped to deny that timely presentment, as required by G. L. c. 258, § 4, was made by the plaintiff. [53]

Where an action under the Massachusetts Tort Claims Act was properly dismissed for the plaintiff's failure to comply with the presentment requirement of G. L. c. 258, § 4, but it appeared that the plaintiff might have a claim under G. L. c. 81, § 18, the plaintiff was to be given an opportunity to amend his complaint to allege such a claim. [54-55]

CIVIL ACTION commenced in the Superior Court Department on May 11, 1981.

A motion to dismiss was heard by *Paul K. Connolly,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*S. James Boumil* for the plaintiff.

*Francis G. Chase,* Assistant Attorney General, for the Commonwealth.

WILKINS, J. The plaintiff's action was dismissed on the defendant Commonwealth's motion for summary judgment

[1] Executor of the estate of Florence L. Fearon. Counts against another defendant named in the complaint, Joseph R. Drummond, were voluntarily dismissed in August, 1982.

because no timely presentment of the plaintiff's claim had been made as required by G. L. c. 258, § 4. We transferred the plaintiff's appeal to this court. We agree with the basis of the ruling made by the motion judge, but leave open the possibility that the plaintiff may be able to allege a claim not subject to the presentment requirement of G. L. c. 258, § 4.

The underlying facts appear in the complaint. On April 10, 1980, Florence L. Fearon, the plaintiff's testate, was a passenger in a motor vehicle owned by her and operated by Joseph R. Drummond. He was operating the vehicle on property allegedly owned by the Commonwealth and containing a ramp to a creek by which the public could launch and recover marine recreational vehicles. As a result of Drummond's wilful, wanton, and reckless conduct, the vehicle entered the creek, and the plaintiff's testate was drowned. The complaint alleged against the Commonwealth that the ramp was not properly marked and no adequate warning of the ramp was given.

This action was commenced on May 11, 1981. The plaintiff had been appointed executor of the estate of Florence L. Fearon on April 29, 1981. In support of its motion for summary judgment, the Commonwealth filed an affidavit of the Secretary of Environmental Affairs, dated April 1, 1983, in which he stated that the records of his office showed no written presentment of a claim pursuant to G. L. c. 258, § 4, from the plaintiff, or any one on his behalf, for damages resulting from the death of Florence L. Fearon in an accident which occurred on April 10, 1980. Counsel for the plaintiff filed an affidavit setting forth the substance of communications with representatives of the Attorney General's office following commencement of the action.[2] As indicated earlier, a Superior

[2] The affidavit indicated that on two occasions a representative of the Attorney General's office had told plaintiff's counsel that an investigation would be made and an answer filed. It also referred to claims presented to the Commissioner of Environmental Management on or about March 21, 1983, and to the Secretary of Environmental Affairs on or about April 12, 1983. It further referred to an oral communication from a representative of the Attorney General's office in December, 1982, in which the representative is alleged to have said that the plaintiff would have two years from the date of his appointment as executor within which to file a written claim with the appropriate State official.

Court judge allowed the Commonwealth's motion for summary judgment and dismissed the action on the ground that the plaintiff had not made timely presentment of his claim as required by the Massachusetts Tort Claims Act (G. L. c. 258, § 4).

1. The plaintiff concedes that he made no presentment of his claim to the appropriate executive officer within two years of his decedent's death, the date on which the cause of action arose. Section 4 of G. L. c. 258 provides that no civil action shall be instituted against a public employer unless such a presentment has been made. In *Weaver* v. *Commonwealth*, 387 Mass. 43 (1982), we dealt with the failure of the administratrix of an estate to make a proper presentment within two years of the date the cause of action arose. The administratrix argued that under the tolling provisions of G. L. c. 260, § 10, the presentment requirement was satisfied by a second presentment made more than two years after the cause of action arose but well within two years of her giving her bond as administratrix. See G. L. c. 260, § 10, concerning the effect of the death of a person on the operation of statutes of limitation. We held in the *Weaver* case that, where the action against the Commonwealth had no common law basis and could be maintained only under the Massachusetts Tort Claims Act (G. L. c. 258), the tolling provisions of G. L. c. 260, § 10, had no application. *Id.* at 50.

As in the *Weaver* case, the claim asserted against the Commonwealth here has no common law basis. The plaintiff cites no case in which the Commonwealth (as opposed to a municipality) was held liable at common law in circumstances falling within even an expansive view of the allegations of the complaint in this case. The immunity of the Commonwealth at common law in this case is clear, even if we were to conclude that the alleged errors of the Commonwealth were the maintenance of a public nuisance or that they occurred in a proprietary or commercial endeavor. See *Green* v. *Commonwealth*, 13 Mass. App. Ct. 524, 529 (1982). The time for presentment in this case was not tolled by application of G. L. c. 260, § 10.

We add that we are not inclined to perpetuate the suggestion in the *Weaver* case that the two-year presentment requirement

might be tolled if a claim against a public employer has a common law origin. Section 10 of G. L. c. 260 concerns the commencement of actions but says nothing about tolling any requirement for timely notice or presentment of claims. Nor does G. L. c. 258, § 4, which provides an exclusive remedy for tort claims against public employers, preserve by its terms a distinction between claims that were actionable before the enactment of the Massachusetts Tort Claims Act and those that were not. See *Weaver* v. *Commonwealth*, 387 Mass. 43, 48-49 (1982). Unless exempted from the requirements of G. L. c. 258 by statute (see St. 1978, c. 512, § 18), we believe all actions based on such claims should be subject to the presentment requirement as stated in § 4. The effect of G. L. c. 260, § 10, on the tolling of the time within which such an action must be commenced is a different matter. Compare *George* v. *Saugus, ante* 40, 44 (1985) (presentment requirement of G. L. c. 258, § 4, not tolled by minority of plaintiff), with *Hernandez* v. *Boston, ante* 45, 47 (1985) (G. L. c. 260, § 7, applies to toll the time within which an action must be commenced under G. L. c. 258 for injury to a minor).

2. The plaintiff argues that the Commonwealth should be estopped to deny that timely presentment was made. The facts do not warrant such a conclusion. It is sufficient to note that all that happened in this respect within two years of the date on which the cause of action allegedly arose was that representatives of the Attorney General's office twice advised the plaintiff's counsel that the Attorney General's office would investigate the claim and file an answer. No reasonable reliance on later communications could have had an effect on the plaintiff's failure to make a timely presentment. See *George* v. *Saugus, ante* at 44. We do not imply that any communication between the Attorney General's office and the plaintiff's counsel occurring more than two years after the death of the plaintiff's testate (see n.2 above) would have constituted an estoppel if it had occurred earlier. The circumstances of this case are very different from those in *Vasys* v. *Metropolitan Dist. Comm'n*, 387 Mass. 51 (1982), and *Moran* v. *Mashpee*, 17 Mass. App. Ct. 679 (1984).

3. The plaintiff argues that the complaint could be read as alleging that the locus of the accident was a "State highway" and that the claim involved a defect in the public way. If so, the notice provisions of G. L. c. 81, § 18, apply and the presentment requirements of G. L. c. 258, § 4, do not. See St. 1978, c. 512, § 18, providing that G. L. c. 81, § 18, was not superseded or repealed by the Tort Claims Act. See also *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981) (discussing the effect of the saving clause of St. 1978, c. 512, § 18). The plaintiff does not state in his brief that notice was given as required by G. L. c. 81, § 18.

The Commonwealth's only response to this claim in its brief is that the plaintiff cannot recover unless he proves that the defect in the way was the sole cause of the injuries, citing *Trioli* v. *Sudbury*, 15 Mass. App. Ct. 394, 398 (1983), and that the wilful, wanton, and reckless conduct of the driver of the vehicle, as alleged in the complaint, shows that any defect was not the sole cause of the injuries. Although the facts might prove the Commonwealth to be correct, this issue was not presented by affidavits or otherwise on summary judgment below.[3]

From all that appears in the record, including the plaintiff's brief in opposition to the Commonwealth's motion for summary judgment and the judge's memorandum of decision on the Commonwealth's motion, the question whether the plaintiff had a claim under G. L. c. 81, § 18, was not presented below. The Commonwealth, however, has not argued here, as it might have, that it is too late for the plaintiff to raise the point. See *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719 (1976).

We conclude that a rescript should issue stating that summary judgment for the Commonwealth is affirmed, unless within thirty days of the filing of the rescript in the office of the clerk of the Superior Court the plaintiff shall file a motion to amend

---

[3] The Commonwealth does not argue here that there was no notice given as required by G. L. c. 84, §§ 18 and 19, nor does it claim here that the locus was not a State highway. Again, the record is bare of any facts that could be controlling on a motion for summary judgment.

his complaint to state only a claim under G. L. c. 81, § 18, in which he alleges in particular detail that sufficient notice under G. L. c. 84, § 18, was given within thirty days after his appointment as executor, as required by G. L. c. 84, § 19.

*So ordered.*