CHRISTINE HECK vs. COMMONWEALTH & others.[1]

Suffolk. January 7, 1986. — April 17, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act. Practice Civil,* Report, Presentment of claim under Massachusetts Tort Claims Act. *Medical Malpractice,* Public employer.

Where a judge, after the hearing on a motion to dismiss a civil action, entered an order purporting to "report the case" for determination by the Appeals Court, but did not explicitly rule on the motion, the report could not properly be considered by that court, or by this court on direct review. [336-339]

Discussion of judicial decisions bearing on the question whether the two-year period for presentment of a claim under G. L. c. 258, the Massachusetts Tort Claims Act, would be extended by reason of the plaintiff's mental incapacity. [339-340]

CIVIL ACTION commenced in the Superior Court Department on May 30, 1984.

A motion to dismiss was heard by *Hiller B. Zobel,* J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Christopher H. Worthington,* Assistant Attorney General, for the Commonwealth.

*Steven J. Schwartz (Thomas B. Lesser* with him) for the plaintiff.

*Robert H. Weber, William G. Crane & Graham Teall,* for Mental Health Legal Advisors Committee & another, amici curiae, submitted a brief.

LYNCH, J. On May 30, 1984, the plaintiff filed a complaint in the Superior Court against Northampton State Hospital and its employees, alleging that, on May 31, 1981, the defendants negligently refused to evaluate, admit, and treat the plaintiff

_____

[1] Commissioner of Mental Health, McLean Hospital, and Dr. Frank Foe.

for mental illness, or refer her to other appropriate mental health services. Damages for permanent injuries sustained were sought under the Massachusetts Tort Claims Act (act), G. L. c. 258.[2] The complaint alleges that the plaintiff sent a letter presenting her claim to the Secretary of the Executive Office of Human Services, see G. L. c. 258, §§ 1, 4, on February 2, 1984. An amendment to the plaintiff's letter of presentment claimed that the plaintiff was mentally ill and incompetent "from the date of the incident to the present," and this fact was also alleged in the complaint. The defendant, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), moved to dismiss the complaint, contending that presentment of the claim was not made within two years of the date on which the action accrued, as required by G. L. c. 258, § 4.[3] The defendant asserts that the "cause of action accrued on May 31, 1981," and that the plaintiff's possible mental disability or incompetence does not toll the presentment requirements of the act. After argument and briefing on the motion, a judge in the Superior Court entered an order purporting to "report the case" to the Appeals Court, citing Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The text of the order is ambiguous. It suggests

---

[2] The plaintiff's complaint alleges that the plaintiff has a long history of mental illness for which she had periodically received psychiatric and other care. The complaint asserts that, on May 31, 1981, after becoming increasingly depressed and concerned that she would harm herself, the plaintiff, with the assistance of a friend, telephoned Northampton State Hospital seeking admission. After being informed that the plaintiff's condition was "rapidly deteriorating," the admitting physician negligently responded that the plaintiff could not be admitted since it was Sunday, and suggested she come to the hospital on Monday during business hours. He made no further offer of services. Shortly after, and as a result of this exchange, the plaintiff jumped out of a third floor window, sustaining serious injuries.

[3] General Laws c. 258, § 4 (1984 ed.), states in relevant part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . . No civil action shall be brought more than three years after the date upon which such cause of action accrued."

that the judge was inclined to deny the defendants' motion to dismiss because he deemed this court's recent decisions holding the act's presentment requirement not tolled in other situations inapplicable to a case concerning an incompetent.[4] The order, however, does not explicitly deny or otherwise rule on the motion, although it is entitled "Order on Defendants' Second Motion[5] to Dismiss." Moreover, the docket does not reflect that the judge took action on the motion and denied it. The only relevant docket entry records an "Order Reporting Action to the Appeals Court," and states that notice of such an order was sent. We granted the plaintiff's application for direct appellate review. The report is not properly before us and, accordingly, we discharge it.

A Superior Court judge may report a case to the Appeals Court if he or she makes an interlocutory finding or order which he or she believes "so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court . . . ." G. L. c. 231, § 111 (1984 ed.). Mass. R. Civ. P. 64. An order such as the one entered in the instant case, therefore, which attempts merely to report the case, but by which the judge takes no other action regarding the controversy, is not the sort of "order" contemplated either by statute or rule.[6] As none of

[4] The full text of the judge's order is: "After argument and briefing, it appears to the Court that the principle which rules out tolling of the statutory [period] (M.G.L.A. c. 258, § 4), *George* v. *Saugus,* 394 Mass. 40 (1985); *Hernandez* v. *Boston,* 394 Mass. 45 (1985); and *Fearon* v. *Commonwealth,* 394 Mass. 50 (1985), does not apply to an incompetent, and that the Motion ought therefore to be Denied. Because this order so affects the merits of the controversy that the matter ought to be determined by the Appeals Court before any further proceedings in this Court, I report the case to the Appeals Court, Mass.R.Civ.P. 64 (second sentence)."

[5] An earlier motion by the defendants to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6) was granted in part, and certain defendants named in the initial complaint were dismissed. The plaintiff then amended her complaint, and the present defendants were named.

[6] We note that, where a Superior Court judge does take action on a motion to dismiss, the report need only present the question of the propriety of the

the other circumstances in which a Superior Court judge may report a case here pertain, e.g., a verdict or finding of fact by the judge or an agreement by the parties as to the material facts, see G. L. c. 231, § 111; Mass. R. Civ. P. 64, the report must be discharged. *Doe* v. *Doe,* 378 Mass. 202, 203 (1979), and cases cited. Cf. *Commonwealth* v. *Andover,* 378 Mass. 370, 376 (1979).

In cases where we have found it necessary to discharge a report, we have nonetheless "been willing to express our views" on matters thus not strictly before us, "particularly when the case has been fully briefed on the merits, when there is a public interest in obtaining a prompt answer . . . and when the answer to be given is reasonably clear." *Brown* v. *Guerrier,* 390 Mass. 631, 632 (1983), and cases cited. On the other hand, to the extent that matters of public policy and constitutional questions are raised, we have stated a preference for passing on the issues in light of a fully developed trial record rather than in the abstract. *Doe* v. *Doe, supra.* We therefore make these additional comments.

It would appear unlikely, in view of the requirements of G. L. c. 258 and the decided cases, that we would conclude that the plaintiff's mental incompetency tolls the two-year presentment requirement of the act. See *Fearon* v. *Commonwealth,* 394 Mass. 50 (1985) (presentment requirement not tolled by application of G. L. c. 260, § 10, where executor of plaintiff's estate failed to comply with presentment requisites of act); *George* v. *Saugus,* 394 Mass. 40 (1985) (minority of plaintiff does not toll presentment requirement); *Weaver* v. *Commonwealth,* 387 Mass. 43 (1982) (presentment requirement not tolled by application of G. L. c. 260, § 10, where administratrix of estate failed to make proper and timely presentment under act). See also *Hernandez* v. *Boston,* 394 Mass.

---

action taken. The judge need not formulate and report any other specific questions. See *McStowe* v. *Bornstein,* 377 Mass. 804, 805 n.2 (1979) (although a judge *may* report specific questions of law in connection with an interlocutory finding or order, the basic issue to be reported is the correctness of the finding or order itself).

45, 47 (1985) (statute of limitations provision of § 4, which is tolled by G. L. c. 260, § 7, is distinguished from presentment requirement of § 4, not tolled for minor plaintiff). Under some circumstances, however, incompetency may prolong the period during which presentment can be made.

In medical malpractice cases, the cause of action accrues when the plaintiff learns or reasonably should have learned that he or she has been harmed by a defendant's conduct. *Franklin* v. *Albert,* 381 Mass. 611, 619 (1980). See *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 312 (1981). This "discovery rule" is applied in order to avoid punishing "blameless ignorance" of a plaintiff by holding malpractice actions time-barred before the plaintiff "reasonably could know of the harm . . . suffered." *Franklin* v. *Albert, supra* at 618, citing *Urie* v. *Thompson,* 337 U.S. 163, 169-170 (1949). In *Dinsky* v. *Framingham,* 386 Mass. 801 (1982), we stated that "[w]e see no reason why the rules applied to the accrual of a cause of action asserted under G. L. c. 258 should be different from the general rules we apply to the accrual of actions under G. L. c. 260." *Id.* at 803. The "discovery rule" thus applies to medical malpractice claims under the act and governs the interpretation of the phrase "within two years after the date upon which the cause of action arose" in § 4 of the act. We do not decide under what circumstances, if any, the plaintiff's incompetency may affect when she knew or reasonably should have known that she had been harmed by the defendant's conduct. Cf. *Pardy* v. *United States,* 575 F. Supp. 1078, 1081 (S.D. Ill. 1983); *Kelly* v. *United States,* 554 F. Supp. 1001, 1005 (E.D.N.Y. 1983); *Zeidler* v. *United States,* 601 F.2d 527 530-531 (10th Cir. 1979); *id.* at 532-533 (Logan, J., dissenting) and cases cited; *Jackson* v. *United States,* 234 F. Supp. 586 (E.D.S.C. 1964).

For reasons already stated, it is inappropriate for us to comment further at this point in the proceedings of this case.

*Report discharged.*