DEPARTMENT OF REVENUE *vs.* GERARDO SORRENTINO.

Suffolk. May 8, 1990. - August 15, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Paternity. Parent and Child,* Support of illegitimate child. *Practice, Civil,* Support of illegitimate child. *Practice, Criminal,* Support of illegitimate child, Nolle prosequi. *Evidence,* Paternity, Scientific test, Hearsay.

A civil proceeding brought pursuant to G. L. c. 209C to establish a defendant's paternity of a child born out of wedlock was not barred by the fact that a nolle prosequi had been entered by the Commonwealth in a prior criminal proceeding against the defendant under G. L. c. 273, § 15, alleging nonsupport, where the nolle prosequi had been entered after a criminal bench trial resulted in a finding of nonsupport, but before the beginning of the de novo jury trial claimed by the defendant; it was without significance that, under c. 209C, the defendant was not entitled to a jury trial. [342-343]

In a civil proceeding under G. L. c. 209C to establish the defendant's paternity of a child born out of wedlock, there was no merit to the defendant's contention that he was entitled to a required finding in his favor. [343]

There was no merit to the contention by the defendant in a civil proceeding pursuant to G. L. c. 209C to establish paternity that, even if he was not entitled to judgment in his favor, he was entitled to a new trial on the ground that exclusion of the results of a paternity test he had voluntarily taken in connection with an earlier criminal proceeding under G. L. c. 273 was compelled because the requirements of c. 273, § 17, for the admissibility of such evidence were not fulfilled. [343-344]

A defendant in a civil proceeding pursuant to G. L. c. 209C to establish paternity was entitled to a new trial on the ground that the judge's admission in evidence of the results of a human leukocyte antigen test, which were inculpatory and admitted in evidence over his objection, lacked proper foundation in that they were not introduced through the testimony of an expert witness and there was no evidence concerning the testing procedures that were used. [344-345]

At the trial of a proceeding pursuant to G. L. c. 209C to establish the paternity of a child, the judge properly excluded from evidence as hearsay the defendant's passport, which was offered to show that the de-

fendant was not in this country at a time, several years before the child in question was conceived, when the mother testified she first met the defendant locally; nor was the passport admissible as an ancient document under Proposed Mass. R. Evid. 803 (16) where, even if the proposed rule were to be adopted by this court, the passport, being less than twenty years old, would not so qualify. [345-346]

CIVIL ACTION commenced in the Chelsea Division of the District Court Department on October 29, 1986.

The case was heard by *Norman S. Weinberg,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Kevin S. Nixon (Henry F. Owens, III,* with him) for the defendant.

*Rosanna Cavallaro,* Assistant Attorney General, for the Department of Revenue.

O'CONNOR, J. In this G. L. c. 209C (1988 ed.) action, a District Court judge found the defendant to be the father of a child born out of wedlock, and ordered the payment of child support. The defendant appealed to the Appeals Court. See *Department of Revenue* v. *Jarvenpaa,* 404 Mass. 177, 180-181 (1989). We transferred the appeal to this court on our own initiative, and now hold that the defendant is entitled to a retrial in the District Court.

Before this civil action under G. L. c. 209C was begun, a criminal complaint against the defendant had been issued under G. L. c. 273, § 12 (1984 ed.), alleging paternity, and under c. 273, § 15 (1984 ed.), alleging nonsupport. After the criminal complaint was issued, but before it was tried, the Legislature enacted St. 1986, c. 310, which repealed c. 273, § 12, amended c. 273, § 15, and inserted G. L. c. 209C in the General Laws. Then, following a District Court bench trial, a judge dismissed the c. 273, § 12, charge, but found the defendant guilty of nonsupport in violation of c. 273, § 15, and ordered the payment of child support pendente lite.

The defendant appealed his criminal conviction to the jury of six session of the Boston Municipal Court. Before the be-

ginning of the defendant's de novo criminal proceedings in the Municipal Court, however, the Commonwealth entered a nolle prosequi on the c. 273 charge so that a complaint under the newly enacted c. 209C could proceed against the defendant. The civil proceeding then went to trial. The fact that the case against the defendant began under the repealed criminal statute but was ultimately conducted under the new civil one is the source of most of the allegations of error in this case.

After the criminal case under G. L. c. 273, § 15, was nol prossed, the defendant moved for dismissal of the civil action brought pursuant to c. 209C. The motion was grounded on an assertion that, inasmuch as the "[d]efendant's rights under ch. 273 section 15" had already been adjudicated as a result of the criminal bench trial and the defendant had exercised his right to a de novo appeal, the defendant could not be tried under G. L. c. 209C. The motion to dismiss was denied. On appeal, the defendant argues that, if the de novo appeal had proceeded, he would have had a right to a jury trial and other advantages of which he was deprived by trial of the issues under c. 209C. Chapter 209C, § 12, for instance, provides that "[i]n actions under this chapter, the trial shall be by the court without a jury." In *Department of Revenue* v. *Jarvenpaa, supra* at 189, we held that provision to be constitutional.

We assume, without deciding, that an objection to the nolle prosequi of the criminal case can properly be raised in the context of an appeal from a judgment rendered in the civil adjudication of the defendant's paternity, but, nonetheless, find the argument to be without merit. Massachusetts Rule of Criminal Procedure 16 (a), 378 Mass. 885 (1979), provides that "[a] prosecuting attorney may enter a nolle prosequi of pending charges at any time prior to the pronouncement of sentence." However, "[a]fter jeopardy attaches, a nolle prosequi entered without the consent of the defendant shall have the effect of an acquittal of the charges contained in the nolle prosequi." Mass. R. Crim. P. 16 (b), 378 Mass. 885 (1979). The power to enter a nolle prosequi is

not contingent upon approval by the court. *Commonwealth* v. *Brandano*, 359 Mass. 332, 335 (1971).

The entry of a nolle prosequi in the defendant's c. 273 criminal case was a proper exercise of the prosecutor's power and did not result in an acquittal. The nolle prosequi was entered before jeopardy attached. Although a bench trial had already been held, the judgment entered by the District Court at the conclusion of that trial was vacated by the defendant's appeal of his conviction to the jury of six session of the Boston Municipal Court, *Commonwealth* v. *Chase*, 385 Mass. 461, 468 (1982), and jeopardy would only attach at the commencement of the de novo trial. The pendente lite order of child support was not vacated on appeal, *id.*; *Commonwealth* v. *Lobo*, 385 Mass. 436, 442 (1982), but such an order is by its nature temporary and therefore is not the pronouncement of sentence within the meaning of rule 16 (a). The subsequent civil action was not barred by the earlier nolle prosequi, see *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 112 (1980), aff'd in part, vacated in part, 382 Mass. 387 (1981); G. L. c. 209C, § 22 (b) ("A proceeding under chapter . . . two hundred and seventy-three . . . shall not be a bar to any proceeding under this chapter"), and it makes no difference that, under c. 209C, the defendant was not entitled to a jury trial.

The defendant also argues on appeal that the trial judge erroneously denied his motion for a required finding in his favor. The argument is without merit. The mother of the child testified that approximately nine months before the child was born she had sexual relations with the defendant and that she had no relations with anyone else around that time. That evidence was sufficient to establish clearly and convincingly, consistent with the plaintiff's burden of proof, that the defendant was the child's father.

We come now to the defendant's contention that, even if he is not entitled to judgment in his favor, he is entitled to a new trial based on a reversible evidentiary error. In connection with the earlier criminal proceedings under G. L. c. 273, the defendant voluntarily submitted to a human leukocyte

antigen (HLA) test. The results of this paternity test were inculpatory and were admitted in evidence over the defendant's objection at the subsequent civil trial. The defendant asserts two reasons to conclude that admission of this evidence was erroneous. First, the defendant argues that exclusion of the evidence was compelled because the requirements of c. 209C, § 17, for the admissibility of such evidence were not followed. Second, the plaintiff failed to lay a proper foundation for its admission. We address these arguments in turn.

General Laws c. 209C, § 17, states in part: "In an action to establish paternity, the court may, on the motion of any party or upon its own motion, order the mother, the child, and the putative father to submit to one or more blood or genetic marker tests, to be performed by a duly qualified physician or other such expert. The report of the results of blood grouping or genetic marker tests, including a statistical probability of the putative father's paternity based upon such tests, shall be admissible in evidence and shall be weighed along with other evidence of the putative father's paternity . . . ." The defendant reads this language of § 17 to require that, before a paternity test can be admitted in evidence, the court must have ordered that such a test be performed. Here, because the HLA testing was undertaken for purposes of the criminal proceeding, no order was ever issued in the civil action regarding the submission to such a test. We reject the defendant's contention. Neither the language of the statute nor common sense suggests a legislative intention to make admissibility of blood grouping or genetic marker tests dependent on their having been ordered rather than voluntarily undergone. The provision that tests may be ordered is clearly designed only to promote the availability of otherwise unavailable evidence. Nothing in the statute or in reason suggests that ordered tests are more reliable than those voluntarily undertaken.

The defendant's second argument concerning the admissibility of the HLA test results, that is, lack of proper foundation, has more merit than does the first argument. In fact, the plaintiff agrees, as do we, that the admission in evidence

of the HLA test results was erroneous because they were not introduced through an expert witness and there was no evidence concerning the testing procedures that were used. "[I]nculpatory HLA blood test evidence shall be admissible only if a proper foundation is laid establishing that proper testing procedures were employed in the particular case and that the expert witnesses through whom the evidence is sought to be introduced are qualified properly." *Commonwealth* v. *Beausoleil*, 397 Mass. 206, 220-221 (1986).

The plaintiff's argument relative to the HLA test results is that, although their admission in evidence was erroneous, the error was harmless. However, the record indicates otherwise. The trial judge stated: "And you can argue that I shouldn't have admitted it; but, on the basis of the blood test, which is pretty strong evidence, and on the basis of the testimony of the young lady, who is not too sharp on her dates, but there's no question about it. They had relations. The question is when. There was a child produced here, and the blood test pretty well confirms who the father is." We conclude that the defendant is entitled to a new trial.[1]

In light of our determination that the defendant is entitled to a new trial, we need not discuss the defendant's contention that the trial judge committed reversible error by excluding from evidence as hearsay the defendant's passport, which was offered to show that the defendant was not in this country at a time, several years before the child was conceived, when the mother testified she first met the defendant locally. We nevertheless comment briefly on that issue because otherwise it is likely to arise at the retrial. The defendant argues that the passport was not inadmissible hearsay because it was consistent with the defendant's testimony at trial and "was offered to rebut the recent fabrication made by the [mother] that she first met the [defendant] in 1970, 1974 or

---

[1]We point out that HLA test results are not evidence of intercourse. In the absence of other evidence, believed by the trier of fact, that intercourse between the mother and alleged father took place at or about the time of conception, HLA test results cannot establish paternity. *Commonwealth* v. *Beausoleil, supra* at 220 n.18. See G. L. c. 209C, § 17.

1975." Thus, the defendant argues, the passport was admissible under Proposed Mass. R. Evid. 801 (d) (1) (B). That rule would not help the defendant. It is designed to permit the introduction of a witness's out-of-court statement, consistent with his or her testimony, to show that the testimony was not a recent fabrication. The passport did not purport to contain any statement by the defendant, consistent with his testimony or otherwise. At most, it is an out-of-court statement of a public official and thus hearsay.

The defendant also argues that the passport was admissible as an ancient document under Proposed Mass. R. Evid. 803 (16). We disagree. Even if the proposed rule were to be adopted by this court, the passport, being less than twenty years old, would not qualify as an ancient document.

This case is remanded to the District Court for a new trial.

*So ordered.*