DEPARTMENT OF REVENUE *vs.* B.P. June 16, 1992. *Paternity. Practice, Civil*, Report. *Evidence*, Paternity, Inference.

A District Court judge reported six questions concerning a paternity action to the Appeals Court. See Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We transferred the case on our own motion. Although G. L. c. 231, § 108 (1990 ed.), provides that a party in a civil case "aggrieved by any ruling [of a District or Municipal Court judge] . . . may . . . have the ruling reported for determination by the [appropriate] [A]ppellate [D]ivision[,]" we have said that an appeal of a judgment under G. L. c. 209C (1990 ed.) entered in a District Court should be heard by the Appeals Court. *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 181 (1989). See *Department of Revenue* v. *Sorrentino*, 408 Mass. 340, 341 (1990). We think that practical considerations dictate that, in addition to the provisions of G. L. c. 231, § 108, a judge in a c. 209C action has discretion to report to the Appeals Court either the entire case, after verdict or finding of fact, or questions raised by interlocutory rulings that "so affect[ ] the merits of the controversy that the matter ought to be determined by the [A]ppeals

---

[C]ourt before any further proceedings in the trial court." Mass R. Civ. P. 64.

The judge in this case reported the questions to the Appeals Court pursuant to Mass. R. Civ. P. 64. That was within his discretion to do. The report, however, does not meet the requirements of Mass. R. Civ. P. 64. Therefore, the report must be discharged. Rule 64 requires the judge to make a ruling on the reported questions. That was not done in this case. Nor have the parties agreed to all the material facts in writing, so there can be no report of the case. Mass. R. Civ. P. 64. See *Cusic* v. *Commonwealth*, *ante* 291, 294 (1992), citing, inter alia, *Heck* v. *Commonwealth*, 397 Mass. 336, 339 (1986); *Doe* v. *Doe*, 378 Mass. 202, 203 (1979). See also *Globe Newspaper Co.* v. *Massachusetts Bay Transp. Auth. Retirement Bd.*, *ante* 770, 772-773 (1992). Even if the questions had been reported properly, we would not be able to answer the two questions regarding the sufficiency of the evidence in any event because the judge did not find the facts but, instead, reported the evidence.

We comment briefly on the facial validity of G. L. c. 209C, § 17 (1990 ed.),[1] in light of the *Opinion of the Justices*, *post* 1201 (1992). That statute provides, in part, that a party's refusal to submit to testing may be admitted in evidence. There is no constitutional impediment to the admission of a party's refusal to submit to blood and genetic marker testing in a paternity action.[2] Because a paternity action under c. 209C is a civil action, see G. L. c. 209C, § 7 (1990 ed.); *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 183 n.6 (1989), compelling the putative father to submit to testing or be subject to sanctions would not violate the putative father's privilege against self-incrimination.[3] "In a civil action, a reasonable inference adverse to a party may be drawn from the refusal of that party to testify on the grounds of self-incrimination." *Custody of Two Minors*, 396 Mass. 610, 616 (1986), quoting *Wansong* v. *Wansong*, 395 Mass. 154, 157 (1985). *Labor Relations Comm'n* v. *Fall River Educators' Ass'n*, 382 Mass. 465, 471 (1981). See *Kaye* v. *Newhall*, 356 Mass. 300, 305-306 (1969). See also *McCooe* v. *Dighton, Somerset & Swansea St. Ry.*, 173 Mass. 117, 119 (1899). Assuming, without deciding, that the Department of Revenue has made out a prima facie case of paternity against the putative father, see *Commonwealth* v. *Teixera*, 396 Mass. 746 (1986) (under former G. L. c. 273, § 15, mother's testimony alone sufficient to

---

[1] We cite the 1990 version of the statute because it is the version that was in effect at the time the action was brought.

[2] There is also no constitutional impediment to a judge's use of the sanctions in Dist./Mun. Cts. R. Civ. P. 37(b)(2) in response to a party's refusal to submit to testing.

[3] Pursuant to the putative father's motion, both the mother and her child submitted to blood and genetic marker testing.

prove paternity beyond a reasonable doubt), the judge is entitled to draw an adverse inference from the putative father's refusal to submit to testing.

The report is discharged and the case is remanded to the District Court for further proceedings.

*So ordered.*

*Eric A. Smith*, Assistant Attorney General, for the plaintiff.

*Marshall E. Johnson* (*J. Albert Johnson* with him) for the defendant.