Gershengorn, J.
Plaintiff Metropolitan Property & Casualty Insurance Company (“Metropolitan”) has presented evidence that defendants Lorraine Daher, John Daher, and Karim Youssef (“Youssef j participated in the submission of a fraudulent automobile damage and insurance claim. During depositions held in this case, Lorraine Daher, John Daher, and Youssef invoked their Fifth Amendment right against self-incrimination.
After considering the plaintiffs submissions[2] and the arguments of both sides, the court ALLOWS the motion IN PART.
BACKGROUND
On March 8, 1994, John Daher reported to Metropolitan that Lorraine Daher’s Mercedes Benz had been involved in an accident on March 6. Youssef represented to Metropolitan that his Oldsmobile Cutlass Supreme, too, had been damaged in the accident. As of the date of the accident, Lorraine Daher’s Mercedes was insured by a Metropolitan policy that provided first-parly collision coverage as well as property damage coverage for others.
On March 14, 1994, the Mercedes was determined to be a total loss, and, relying on the representations of Lorraine Daher, John Daher, and Youssef, Metropolitan drafted a check to Lorraine Daher in the amount of $22,322.74. On April 8, Metropolitan estimated the damage to Youssefs Oldsmobile to be $5,926.19. On April 11, John Daher demanded that Metropolitan hand over the check made out to Lorraine. On April 13, John and Lorraine Daher picked up the check, which they deposited into Lorraine’s bank account on April 14.
On May 2, 1994, Youssef, complaining that Metropolitan was taking too long, submitted a claim against his own insurance provider, Safely Insurance Company (“Safety”). On May 10, Safety appraised the damage to Youssefs car and paid Youssef $6,979.93 to have it repaired. On June 2, Safety also paid Youssef $678.29 for substitute transportation.
On June 4, 1994, after comparing the damages sustained by Lorraine Daher’s Mercedes and Youssefs Oldsmobile, Metropolitan determined that the two automobiles could not have been damaged as the result of colliding with each other. After further investigation, Metropolitan concluded that John and Lorraine Daher and Youssef had intentionally caused the damage to Lorraine Daher’s Mercedes for the purpose of filing a fraudulent insurance claim and recovering the proceeds available.
On October 13, 1994, Metropolitan, alleging deceit, breach of contract, and civil conspiracy, filed a complaint for monetary damages in the amount of $22,322.74 against Youssef, Lorraine Daher, and John Daher d/b/a Massachusetts Auto Body, which Metropolitan also sued for violations of G.L.c. 93A, §§2 and 11. On December 8, 1994, Metropolitan noticed the depositions of Youssef, Lorraine Daher, and John Daher d/b/a Massachusetts Auto Body for January 5, 1995. During the course of his deposition, besides limited background information, Youssef testified only that John Daher was the driver of the other car involved in the accident and that Massachusetts Auto Body, which is owned by John Daher, repaired his (Youssefs) car. Otherwise, Youssef asserted his Fifth Amendment right against self-incrimination. At their depositions, John and Lorraine Daher provided personal background information only, and, otherwise, they too asserted their Constitutional right against self-incrimination.
On August 16, 1995, attorneys for Metropolitan and for Youssef appeared before this court for a hearing scheduled on the plaintiffs motion. Defendants Lorraine and John Daher were not represented and did not appear. None of the defendants submitted an opposition to the plaintiffs summary judgment motion, although counsel for Youssef indicated an opposition was forthcoming as to his client. This court requested that plaintiffs attorney submit an affidavit stating the fees she had incurred in appearing for the hearing. On August 21, 1995, the court received the affidavit, in which plaintiffs attorney asserted a total of three hundred thirty dollars ($330.00) in legal fees and costs for the August 16 hearing.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the bur *315 den of affirmatively demonstrating the absence of a triable issue and also that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
In this case, the defendants, having invoked the Fifth Amendment at their depositions, are not able to rebut the plaintiffs evidence that they participated in the submission of fraudulent insurance claims. The court is justified in drawing a reasonable inference adverse to the defendants from their refusal to testify on the grounds of self-incrimination. See Department of Revenue v. B.P., 412 Mass. 1015, 1016 (1992) (and cases cited therein); Aetna Cas. & Sur. Co. v. Rodeo Autobody, 138 F.R.D. 328, 339 n. 22 (D.Mass. 1991). The defendants’ refusal to testify on the grounds of self-incrimination alone cannot create an issue of fact for the purpose of defeating the plaintiffs motion for summary judgment. See Young Sik Woo v. Glantz, 99 F.R.D. 651, 653 (D. R.I.).
Accordingly, here, where defendants Lorraine and John Daher have failed in any manner to oppose plaintiffs motion, summary judgment in favor of the plaintiff is appropriate. As for defendant Youssef, where Youssefs counsel made an appearance at the hearing on this motion and gave the court some indication that an opposition to plaintiffs motion is forthcoming, the court declines to allow plaintiffs motion at this time.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment be ALLOWED as to defendants Lorraine Daher and John Daher d/b/a Massachusetts Auto Body. ,
As to defendant Karim Youssef, it is hereby ORDERED that Karim Youssef pay the plaintiff three hundred thirty dollars ($330.00) by 3 p.m. on September 7, 1995, to cover plaintiffs legal fees and costs incurred as the result of appearing at a hearing on the instant motion before this court on August 16, 1995. If defendant Youssef fails to pay plaintiff this amount by the designated time, plaintiffs motion for summary judgment will be allowed also as to Youssef.
If Youssef pays the amount within the designated time, the court grants Youssef until 3 p.m. on November 28, 1995 to submit an opposition to plaintiffs motion.

The defendants have made no submissions.