The defendant (father) appeals from a judgment declaring him to be the child's father and ordering him, among other things, to pay specified child support. We affirm.
At the outset, we note that, as a pro se litigant, the father is held to the same standard as a litigant represented by counsel. See Maza v. Commonwealth, 423 Mass. 1006, 1006 (1996). Moreover, we are not required to consider appellate contentions falling below a minimal quality of competent legal argument. See Zora v. State Ethics Commn., 415 Mass. 640, 642 n.3 (1993), and cases cited; Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), and cases cited. Here, the argument section of the father's brief is conclusory, prolix, and rambling. Assuming, without deciding, that we may read the father's brief as alleging nonfrivolous constitutional and legal errors by the Department of Revenue (Department) and by the Probate and Family Court, we address them in turn.
It is undisputed that E.W. (mother) is (and at the time of the birth was) unmarried and that the child received public assistance benefits from the Department of Transitional Assistance (DTA). The mother identified the father as the child's father. Accordingly, and contrary to the father's suggestion, the Department has both standing and an obligation to seek indemnity from the father on behalf of the DTA and to bring an action on behalf of the mother to establish paternity and to enforce support.[3] See G. L. c. 18, § 21 ; G. L. c. 119A, §§ 2(a ), 3(a ). The Probate and Family Court has subject matter jurisdiction to consider the Department's complaint. See G. L. c. 119A, § 3(c )(5) ; G. L. c. 209C, §§ 3, 5(a ), 5(d ). The Department's complaint, alleging, among other things, that the child was born outside of a marital relationship and that the father is the child's father, more than sufficiently sets out factual allegations establishing the Department's claims.
The father's argument that he suffered a violation of his constitutional rights during the paternity proceedings is also without merit. The father cannot claim insufficient process because he admittedly received all notices due to him under applicable law and he objected to and vigorously participated in these proceedings throughout. The father does not assert, nor does the record reveal, that he lacked a full and fair opportunity to be heard "at a meaningful time and in a meaningful manner." Adoption of Simone, 427 Mass. 34, 39 (1998), quoting from Armstrong v. Manzo, 380 U.S. 545, 552 (1965). Additionally, we find no merit in the father's argument that the statutes at issue violate the Fourteenth Amendment to the United States Constitution either facially or as applied.
The judge also did not err by admitting into evidence the father's refusal to take a genetic marker test or by drawing an adverse inference therefrom. See G. L. c. 209C, § 17 ; Department of Rev. v. B.P., 412 Mass. 1015, 1016-1017 (1992). Simply because the father invoked his privilege pursuant to the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights does not preclude the adverse inference in this civil action. See Department of Rev. v. B.P., supra. See also Frizado v. Frizado, 420 Mass. 592, 596 (1995). To the extent that the father's remaining arguments rise to an appellate level, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), we deem those arguments to be without merit for substantially the reasons set forth in the Department's responsive brief at pages thirty-three to thirty-six and thirty-eight to forty-two.
Judgment affirmed.

Recipients of public assistance benefits from the DTA subrogate to the DTA the right to collect child support payments owed them. See G. L. c. 18, § 21 ; Brady v. Brady, 380 Mass. 480, 483-486 (1980) (discussing this subrogation). The Department, in turn, acts to collect for the DTA. See G. L. c. 119A, §§ 2, 3.