WALLACE R. MERLES vs. LOUIS C. LERNER & others.[1]

Norfolk.     October 3, 1983. — February 16, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Attorney at Law*, Admission pro hac vice. *Practice, Civil*, Discovery.

A judge did not abuse his discretion either in denying defendants' motion
    for the admission of an out-of-State attorney pro hac vice, or in allow-
    ing the plaintiff's motion for a protective order preventing the defend-
    ants' out-of-State attorney from conducting his deposition, where it
    appeared that the defendants were competently represented by local
    counsel; where the out-of-State attorney was permitted to attend the
    plaintiff's deposition, which was conducted by the defendants' local
    counsel, and was not prevented from assisting with the litigation in
    any capacity short of being attorney of record; and where the out-of-
    State attorney may have been a witness to or participated in matters
    material to issues in the case. [223-226]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 3, 1982.

A motion for admission of counsel pro hac vice was heard
by *Roger J. Donahue*, J.

A request for leave to file an interlocutory appeal was
allowed in the Appeals Court by *Greaney*, J.

The Supreme Judicial Court ordered direct appellate
review on its own initiative.

*Edward Woll, Jr.* (*Patrick P. Dinardo & Leonard I.
Schreiber*, of New York, with him) for the defendants.

*Gary R. Greenberg* (*George W. Mykulak* with him) for
the plaintiff.

LYNCH, J. This case raises the same issue as our opinion
in *DiLuzio* v. *United Elec., Radio & Mach. Workers, Local*

[1] The other defendants are Marina Industries, Inc., Peter O'Connell,
and William O'Connell.

*274, ante* 211 (1984), namely whether the denial by a judge of a party's pro hac vice motion for the admission of out-of-State counsel amounted to an abuse of discretion.

The procedural context of this case is, however, somewhat different. We transferred the case to this court on our own motion, following certification of an interlocutory appeal by a single justice of the Appeals Court. The appeal was taken from a Superior Court judge's denial of the defendants' motion for admission and his allowance of the plaintiff's motion for a protective order preventing the defendants' out-of-State counsel from conducting his deposition. As in *DiLuzio,* we find no abuse of discretion in the denial of the pro hac vice motion, nor do we find error in the issuance of the protective order, and therefore we affirm.

The plaintiff, Wallace R. Merles, brought this action in November, 1982, against Marina Industries, Inc. (Marina), its president, Louis C. Lerner, and others alleging that Lerner and Marina did not pay him 15% of the gross profits of a proposed joint venture, as had been agreed. In exchange for and in reliance upon this fee arrangement, Merles asserted that for three years he performed various services in connection with a real estate development project undertaken by Marina. Numerous drafts of a joint venture agreement were prepared and circulated; however, no single agreement was signed by all of the parties involved. The defendants subsequently denied Merles's entitlement to 15% of the profits and Merles brought this action.

The defendants were represented by the law firm of Sullivan & Worcester (S & W) as local counsel. For the first two months of the litigation, all pleadings by the defendants (e.g., an answer, a counterclaim, a motion to dismiss) were prepared and filed by an attorney from S & W. Leonard I. Schreiber, a New York attorney, who had represented Lerner on various occasions in the past, was also listed on these papers as acting "of counsel" to the litigation. Marina, through a filing signed by its S & W attorney, filed a notice of taking Merles's deposition, and it was subsequently

scheduled to take place at S & W's offices on January 13, 1983. On the morning of that day, the defendants filed a motion to allow Mr. Schreiber to appear and participate in the action pro hac vice, thus enabling him to conduct Merles's deposition. At the same time, Merles filed a motion for a protective order to prevent Schreiber from deposing him, but permitting the deposition to go forward if conducted by the defendants' counsel of record, S & W. A judge in the Superior Court denied the motion for admission and allowed the protective order, but permitted Mr. Schreiber to attend Merles's deposition. The deposition was subsequently conducted by counsel from S & W, with Mr. Schreiber in attendance.

After this initial ruling, a series of procedural thrusts and parries ensued. On February 25, 1983, the defendants moved for reconsideration of the judge's orders of January 13, contending that statements made in the plaintiff's deposition were inconsistent with certain assertions that he had made in his affidavit in support of the motion for a protective order. The plaintiff opposed this motion. The judge denied the motion for reconsideration, and the defendants then appealed the denial to the Appeals Court and applied for a stay pending appeal.

In response, a single justice stated that he believed that the trial judge had not had an opportunity to review the transcript of Merles's deposition (regarding the alleged inconsistencies), and therefore he permitted the defendants to renew their reconsideration motion before the trial judge. For the second time, the judge denied reconsideration. The defendants appealed, and renewed their application for a stay pending appeal. The single justice ordered the proceedings stayed and certified an interlocutory appeal from the January 13, 1983, orders of the trial judge allowing the plaintiff's motion for a protective order and denying the defendants' pro hac vice motion.

As we observed in *DiLuzio*, the degree of discretion accorded a judge in deciding whether to admit an out-of-State attorney is broad. As with most rulings by a judge regard-

ing the management of a case, "[o]nly in rare instances can it be ruled that there has been an abuse of discretion amounting to [an] error of law." *Bresnahan* v. *Proman*, 312 Mass. 97, 101-102 (1942). See *Davis* v. *Boston Elevated Ry.*, 235 Mass. 482, 497, 502 (1920). This is not one of those "rare instances."

As in *DiLuzio*, the defendants are already competently represented by local counsel, so there is no question raised of a potential denial of adequate representation. For the first two months of the litigation preceding Merles's deposition, S & W submitted all papers filed with the trial court; on the record, Mr. Schreiber's involvement appears to have been minimal at best. His admission to the case could not have been extremely pressing; S & W waited until the day of Merles's deposition to file the pro hac vice motion.

Competency of existing counsel is a relevant factor in adjudging pro hac vice motions, *Draganescu* v. *First Nat'l Bank*, 502 F.2d 550 (5th Cir. 1974), cert. denied, 421 U.S. 929 (1975), both as an element shaping the judge's discretion in civil cases and as a component of the Sixth Amendment right to representation in the criminal context. See, e.g., *Ross* v. *Reda*, 510 F.2d 1172 (6th Cir.), cert. denied, 423 U.S. 892 (1975). It is also significant that the court's resolution of the situation was not Draconian. Mr. Schreiber was permitted to attend both of Merles's depositions, in January and March, 1983, and the denial of the motion for admission in no way prevented him from assisting with the litigation in any capacity short of being attorney of record.

The judge was also entitled to deny the pro hac vice motion on the ground that Mr. Schreiber may have been a witness to or participated in discussions of the nature of the services that Merles was supposed to be performing for Marina. Such a potentiality does not have to rise to the level of a DR 5-102(A) or (B) disqualification,[2] as the de-

---

[2] Supreme Judicial Court Rule 3:07, DR 5-102II(A) and (B), as appearing in 382 Mass. 780 (1981), reads as follows: "(A) If, after undertaking

fendants urge, for it to be a material factor in a judge's consideration of a motion for admission. This is because this case did not involve the *disqualification* of local counsel; rather, it concerned the quite different question whether to *admit* counsel not licensed to practice in Massachusetts.

Concededly there is some inconsistency between Merles's affidavit in support of the motion and his subsequent deposition testimony regarding the number and content of discussions at which Mr. Schreiber was present involving the development project and Merles's services. However, whichever version of the facts is accepted, it seems clear that Mr. Schreiber did attend at least three meetings at which Marina's involvement in the project was reviewed, and at least one at which the nature of Merles's services was discussed. It is also possible that Mr. Schreiber was involved in the drafting of one or several versions of the proposed joint venture agreement, the nature of which is at the crux of this case. The judge could reasonably have believed

---

employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

Supreme Judicial Court Rule 3:07, DR 5-101 (B) (1)-(4), as appearing in 382 Mass. 779 (1981), states that: "(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify: (1) If the testimony will relate solely to an uncontested matter. (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony. (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client. (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

that Mr. Schreiber's testimony could prove material as the case progressed; this belief, coupled with a strong policy interest in "nip[ping] any potential conflict of interest in the bud," would have justified his action. *Tucker* v. *Shaw*, 378 F.2d 304, 307 (2d Cir. 1967). *In re Gopman*, 531 F.2d 262, 266 (5th Cir. 1976). See *United States* v. *Siegner*, 498 F. Supp. 282, 286 (E.D. Pa. 1980).

Since there are several grounds of support for the judge's action, we find that his denial of the pro hac vice motion was justified. Correspondingly, we also uphold his issuance of a protective order preventing Mr. Schreiber from taking Merles's deposition, while permitting S & W to conduct the deposition in his stead. A judge is entitled to a "broad measure of discretion" in the issuance of a protective order, *Matter of Roche*, 381 Mass. 624, 638 (1980), and on appeal our task is again simply to review whether that discretion has been abused. In the language of Mass. R. Civ. P. 26 (c), 365 Mass. 772 (1974), if "good cause" is shown (and other requirements are met), a protective order may issue. Mr. Schreiber's potential role as a witness in the proceedings provides such cause, and for that reason we can find no abuse of discretion in the issuance of the protective order.

The rulings by the judge denying the defendants' pro hac vice motion and granting the plaintiff's motion for a protective order are affirmed.[3]

*So ordered.*

---

[3] It should be noted that we have indicated in another context that strong policy interests weigh in favor of according a party the freest possible rein in his selection of an attorney, either local or out-of-State. *DiLuzio* v. *United Elec., Radio & Mach. Workers, Local 274, ante* 211 (1984).