JOSEPH F. WANSONG vs. ELIZABETH A. WANSONG
(and a companion case[1]).

Essex.  March 5, 1985. — June 11, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Discovery. *Constitutional Law,* Self-incrimination. *Divorce and Separation,* Discovery, Sanctions.

The judge in a divorce proceeding did not abuse his discretion in denying the plaintiff's motion for a protective order which sought to prohibit the defendant from resuming the taking of the plaintiff's deposition after the plaintiff had invoked his privilege against self-incrimination in refusing to answer questions respecting his relationship with another woman, and in imposing discovery sanctions. [156-157]

Imposition of discovery sanctions against the plaintiff in a divorce case who had invoked his privilege against self-incrimination in refusing at a deposition to answer questions about his relationship with another woman did not, in the circumstances, violate the plaintiff's rights under the Fifth Amendment to the United States Constitution and art. 12 of the Declaration of Rights of the Constitution of Massachusetts. [157-158]

COMPLAINTS for divorce filed in the Essex Division of the Probate and Family Court Department on March 3 and April 22, 1983, respectively.

Interlocutory orders were reported to the Appeals Court by *Haskell C. Freedman,* J. The Supreme Judicial Court transferred the case on its own initiative.

*Earl M. Weissman* for Joseph F. Wansong.

*Jacob M. Atwood (David E. Cherny* with him) for Elizabeth ·A. Wansong.

NOLAN, J.  Pursuant to G. L. c. 215, § 13 (1984 ed.), a Probate and Family Court judge reserved and reported the propriety of certain interlocutory orders which: (1) denied the plaintiff's motion for a protective order; (2) dismissed the com-

[1] Elizabeth A. Wansong vs. Joseph F. Wansong.       .

plaint for divorce of the plaintiff, Joseph F. Wansong;[2] (3) prohibited the plaintiff personally from introducing documentary or testimonial evidence relating to an award of support, division of marital assets, or the custody of the minor child of the marriage; and (4) struck the financial statement filed by the plaintiff and prohibited him from testifying regarding his financial circumstances, conduct of the parties during the marriage, his station, amount and sources of his income, his employability and his estate. This reservation and report presents the question whether discovery sanctions may be imposed against a litigant in a civil case who invokes protection against self-incrimination pursuant to the Fifth Amendment to the United States Constitution and art. 12 of the Declaration of Rights of the Constitution of Massachusetts.

The plaintiff filed a complaint for divorce alleging that "an irretrievable breakdown of the marriage . . . occurred due to loss of love and affection and lack of communication." The defendant filed a cross complaint for divorce alleging that the plaintiff "was guilty of cruel and abusive treatment towards [the defendant]." On June 13, 1983, the defendant took the deposition of the plaintiff. During the deposition, defendant's counsel questioned the plaintiff regarding his relationship to and financial arrangements with a woman who was not a party to the divorce actions. On advice of counsel, the plaintiff invoked his privilege not to incriminate himself. The defendant suspended the deposition upon the plaintiff's invocation of his privilege under the United States and Massachusetts Constitutions.

On June 20, 1983, the defendant filed motions to compel answers at the deposition and for sanctions, to dismiss the plaintiff's complaint for divorce, to prohibit the plaintiff's testimony or introduction of evidence at trial and to strike the plaintiff's financial statement and testimony. The judge ruled on the motion to compel answers and for sanctions and ordered

[2] Joseph F. Wansong initially filed a complaint for divorce. Elizabeth A. Wansong filed a cross complaint for divorce. For the sake of clarity, Joseph F. Wansong is referred to as the plaintiff in this opinion. Elizabeth A. Wansong is referred to as the defendant.

the plaintiff "to resume his Deposition and to respond to questions which he previously refused to answer and other such questions that may be posed relating to those issues." Subsequent to this order, the parties determined that the plaintiff would continue to assert his privilege against self-incrimination. To avoid the expense of further depositions, the plaintiff asserted and the parties stipulated "that if his deposition is resumed and the questions previously posed to him . . . were asked of him he would again refuse to answer those questions based upon his Fifth Amendment right under the United States Constitution and his other rights under Article 12 of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts."

As a result of this stipulation, the judge determined that it was appropriate to rule on the plaintiff's motion for a protective order and the defendant's remaining motions. The judge denied the plaintiff's motion. To the extent that the defendant's motions concerned limiting the plaintiff's right to present evidence at trial, the judge limited his order to the plaintiff "individually, and not against any witnesses he may offer." The judge also dismissed the plaintiff's complaint for divorce.

1. *Motion for a protective order.* The plaintiff asserts that it was error for the judge to deny the motion for a protective order which sought to prohibit the defendant from resuming the taking of the plaintiff's deposition. The plaintiff argues that further discovery would not produce any additional, meaningful information and such discovery was sought to harass him. He submits, therefore, that denial of his motion for a protective order was error.

In determining whether a protective order should issue, a judge must assess the competing interests of preventing "annoyance, embarrassment, oppression, or undue burden or expense," Mass. R. Dom. Rel. P. 26 (c) (1985), and considerations of an efficient and just resolution of the action. See *Matter of Roche,* 381 Mass. 624, 637 (1980). "In making this assessment [a judge is] entitled to a broad measure of discretion." *Id.* at 638. "[O]n appeal our task is again simply to review

whether that discretion has been abused." *Merles* v. *Lerner,* 391 Mass. 221, 226 (1984). In the instant case, the plaintiff continually refused to answer questions related to his financial condition and conduct as affected by an allegedly adulterous relationship. The judge properly weighed the plaintiff's concerns in asserting his privilege against self-incrimination against the need for further discovery. See part 2, *infra*. The judge did not abuse his discretion in denying the plaintiff's motion for a protective order.

2. *Privilege against self-incrimination as related to discovery sanctions*. The plaintiff argues that by imposing discovery sanctions the judge erroneously penalized the plaintiff in the exercise of his right not to incriminate himself. A litigant may not be subjected to a penalty such as "the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" *Spevack* v. *Klein,* 385 U.S. 511, 515 (1967). "Yet not every undesirable consequence which may follow from the exercise of the privilege against self-incrimination can be characterized as a penalty." *Flint* v. *Mullen,* 499 F.2d 100, 104 (1st Cir. 1974). "In a civil action, a reasonable inference adverse to a party may be drawn from the refusal of that party to testify on the grounds of self-incrimination." *Labor Relations Comm'n* v. *Fall River Educators' Ass'n,* 382 Mass. 465, 471 (1981). See *Kay* v. *Newhall,* 356 Mass. 300, 305 (1969) (counsel may comment during closing argument on a civil defendant's invocation of the privilege against self-incrimination). See also Note, Toward a Rational Treatment of Plaintiffs Who Invoke the Privilege Against Self-Incrimination During Discovery, 66 Iowa L. Rev. 575, 579, 580 n.41 (1981) (Note).

The Appeals Court recently stated that, in examining the effect a litigant's claim of privilege should have on a civil action, "[t]he judge's task is to balance any prejudice to the other civil litigants which might result . . . against the potential harm to the party claiming the privilege if he is compelled to choose between defending the civil action and protecting himself from criminal prosecution." *United States Trust Co.* v. *Herriott,* 10 Mass. App. Ct. 313, 317 (1980), citing *Arthurs* v.

*Stern,* 560 F.2d 477, 478-480 (1st Cir. 1977), cert. denied, 434 U.S. 1034 (1978). We view this method as the preferable approach to take when examining the effect of a plaintiff's invocation of the privilege against self-incrimination. See *Black Panther Party* v. *Smith,* 661 F.2d 1243, 1272 (D.C. Cir. 1981). See also Note, *supra* at 594-602. Cf. *Wehling* v. *Columbia Broadcasting Sys.,* 608 F.2d 1084, 1088 (5th Cir. 1979). We agree that such a balancing is the proper method to be used in determining whether discovery sanctions should be imposed on a plaintiff who claims this privilege in a civil action. In the instant case, the judge implicitly balanced the prejudice to the plaintiff, against the prejudice to the defendant. The judge also considered the need for the particular information sought in order to make a "fair determination" in this action. See Note, *supra* at 598. Furthermore, the judge limited the effect of the order to the plaintiff individually. Other sources of evidence are still available to the plaintiff. The judge did not impose a sanction that abrogated "the traditional policy against default judgments in domestic relations cases." *Imprescia* v. *Imprescia,* 392 Mass. 101, 104 (1984). Rather, after balancing the competing interests, the judge imposed sanctions explicitly provided for in Mass. R. Dom. Rel. P. 37 (b) (2) (1985). We conclude that the judge did not abuse his discretion by dismissing the plaintiff's complaint for divorce and by imposing other discovery sanctions against the plaintiff. Cf. *Arthurs* v. *Stern,* 560 F.2d 477, 479-480 (1st Cir. 1977) (based on a balancing test, the denial of a motion to stay a civil action to allow a party to invoke a privilege against self-incrimination is reviewed "simply for abuse of discretion").

For the reasons set forth above, the judge properly entered the interlocutory orders presently before this court on reservation and report. We remand this action to the Probate and Family Court for further proceedings consistent with this opinion.

*So ordered.*