The **STOP AND SHOP COMPANIES, INC.,**

v.

**INTERSTATE CIGAR COMPANY, INC., Stephen Herman, Steven Rackower, Sidney Spielfogel,**

v.

**Sidney GOODMAN, Additional Defendant on Counterclaim.**

Civ. A. No. 83–3716–S.

United States District Court, D. Massachusetts.

April 16, 1986.

Geoffrey D. Wyler, Boston, Mass., for plaintiff.

Joel Cohen, Stroock & Stroock & Lavan, New York City, Bruce Smith, Jager, Smith & Stetler, Boston, Mass., Jeanne Baker, Silverglate, Gertner, Baker, Fine & Good, Boston, Mass., J. Douglas McDougal, Ravech, Aronson & Shuman, P.C., Boston, Mass., for defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL (# 84)

ROBERT B. COLLINGS, United States Magistrate.

The Amended Complaint (# 15) filed in this case states a cause of action against the defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C., Secs. 1961–68. The defendant Sidney Spielvogel is the President of the defendant Interstate Cigar and Steven Herman is a Vice-President. Steven Rackower is alleged to be an employee. The Amended Complaint alleges that the defendants entered into a kickback scheme with Sidney Goodman, an employee of the plaintiff, whereby Goodman received one and one-half percent of the total goods which the plaintiff purchased from Interstate Cigar through Goodman. The scheme is alleged to have existed for a period of eight years resulting in losses to the plaintiff of a quarter of a million dollars. Five pendent claims under Massachusetts law are also asserted.

The defendant Interstate has filed a counterclaim against the plaintiff and Goodman seeking $440,000 for goods sold and delivered. None of the other defendants have filed counterclaims against the plaintiff.

The plaintiff has taken the depositions of the defendants Sidney Spielvogel, Stephen Herman, and Steven Rackower. In addition, the plaintiff has taken the deposition

of Interstate Cigar Company by two of its officers, i.e. Michael Spielvogel, Secretary and Treasurer and Jerrold Herman, another Vice-President. During these depositions, each defendant and the two non-defendant corporate officers invoked the privilege against self-incrimination with respect both to matters raised by the Amended Complaint and the corporation's counterclaims. Plaintiff's Motion To Compel (# 84) seeks an order of the Court pursuant to Rule 37(a)(2), F.R.Civ.P., that the defendants and corporate officers "...answer each and every question asked them in the attached deposition transcripts."

However, the plaintiff does not wish to have the Court rule on whether the defendants and corporate officers validly asserted the privilege. While counsel for the plaintiff has some doubts that the privilege was properly invoked as to every question, he concedes that the privilege was properly invoked as to at least a substantial number of the questions. Further, counsel for the plaintiff also concedes that, as a general matter, a civil litigant may invoke the privilege against self-incrimination in resisting discovery. That proposition is undoubtedly correct. *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). Plaintiff's counsel's position is that because the defendant Interstate Cigar has brought a counterclaim against plaintiff, the Court has the power to order the defendants and corporate officers to answer the questions on the grounds, presumably, that the corporation's suit against the plaintiff somehow results in a waiver of the defendants' rights to assert the privilege. Thus, if the defendants continue to assert the privilege in the face of the Court's order that they answer, the plaintiff would have a basis for seeking dismissal pursuant to Rule 37(b), F.R.Civ.P.

Plaintiff relies on a line of cases which hold that a party bringing a claim cannot use the privilege both as a "sword and a shield"—i.e., that a party bringing a claim cannot institute suit and then prevent the party against whom suit is brought from learning anything about the suit through discovery. This line of cases is summarized in the case of *Jones v. B.C. Christopher & Co.*, 466 F.Supp. 213 (D.Kan., 1979). The plaintiff reads the *Jones* case as requiring an order compelling the party to answer the questions to which the privilege was asserted before the Court can entertain a motion to dismiss and that I should enter an order compelling the defendants and corporate officers to answer the questions quite apart from whether or not the privilege was properly invoked.

With respect, I disagree with the *Jones* case to the extent of its analysis of Rule 37, F.R.Civ.P. The Court wrote:

> Pursuant to Rule 37, there must first be a motion to compel discovery and an order compelling same; only then may a proper party move for any sanctions at all. Thus defendant's motion to dismiss is not properly presented at this point, and dismissal could not be granted even were it warranted.

>     \*     \*     \*     \*     \*     \*

> It appears to the Court that plaintiff's deposition should proceed, that plaintiff should raise the Fifth Amendment privilege specifically as to each question as to which he makes the claim, and that defendants should then evaluate the necessity of filing a proper motion to compel answers and thus presenting the matter properly to the Court.

*Jones, ante*, 466 F.Supp. at 213.

The Court, after a discussion of the issue of the propriety of dismissing a plaintiff's claims upon his invocation of the privilege against self-incrimination, concluded:

> We find, therefore, that dismissal for refusal to respond to discovery is a potentially proper sanction should plaintiff's position remain unaltered.

*Id.* at 227.

The problem with the *Jones* case is that the Court assumed that its power to dismiss the plaintiff's claim upon the valid invocation of the privilege against self-incrimination rested on Rule 37(b), F.R.Civ.P.

It does not. Rule 37(b), F.R.Civ.P., grants the power to impose sanctions only upon the violation of a Court order compelling discovery pursuant to Rule 37(a)(2), F.R. Civ.P. It is quite true that a party may not avoid attending a deposition on the ground that he intends to invoke his privilege against self-incrimination and that a motion seeking an order compelling his attendance at his deposition will be granted in such circumstances. But I see no basis for filing or granting a motion to compel answers to questions which a party declined to answer at his deposition on the basis of the privilege against self-incrimination *unless* the party conducting the deposition believes that the assertion of the privilege was invalid. In a case where a plaintiff validly asserted the privilege against self-incrimination at his deposition, an order compelling a party to answer is improper. *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087 (5 Cir., 1979). The Court has the power to dismiss the case quite apart from whether an order compelling discovery had been issued. *See Kisting v. Westchester Fire Insurance Co.*, 290 F.Supp. 141 (W.D.Wis., 1968); *Brown v. Ames*, 346 F.Supp. 1176 (D.Minn., 1972).

In summary, a motion to compel is an appropriate vehicle to test whether or not a party's invocation of the privilege against self-incrimination at a deposition is valid. However, there is no authority for the Court entering an order compelling a party to answer questions to which the privilege against self-incrimination has been validly invoked. In the situation where a plaintiff validly invokes the privilege against self-incrimination, the Court has the power to dismiss the Complaint despite the fact that the plaintiff has not disobeyed an order compelling discovery issued pursuant to Rule 37, F.R.Civ.P. *Lyons v. Johnson*, 415 F.2d 540, 541 (9 Cir., 1969). Whether or not the Court should exercise the power is another question. *Wehling v. Columbia Broadcasting Co., supra.*

Perhaps the bottom line is that since the defendants and corporate officers have appeared at their depositions and invoked their privilege against self-incrimination, the plaintiff has all he needs on the record to file a motion requesting the District Judge to dismiss the defendant Interstate Cigar Company's counterclaim, and the District Court has the power to allow such a motion despite the fact that no order has entered pursuant to Rule 37(a)(2), F.R. Civ.P., compelling the defendants and corporate officers to answer the questions as to which the privilege was invoked. Again, whether the counterclaim should be dismissed on this record is another question which is not before me.

Accordingly, it is ORDERED that Plaintiff's Motion To Compel (# 84) be, and the same hereby is, DENIED.