George J. SERAFINO and Anita
M. Serafino, Plaintiffs,

v.

HASBRO, INC. and George R.
Ditomassi, Jr., Defendants.

Civ. A. No. 95–30053–MAP.

United States District Court,
D. Massachusetts.

July 28, 1995.

Morris M. Goldings, Ellen S. Shapiro, Mahoney, Hawkes & Goldings, Boston, MA, for George J. Serafino, Anita M. Serafino.

Arthur G. Telegen, Jeffrey M. Hahn, Amy B.G. Katz, Foley, Hoag & Eliot, Boston, MA, for Hasbro, Inc.

David G. Cohen, Egan, Flanagan & Egan, Springfield, MA, Arthur G. Telegen, Jeffrey M. Hahn, Amy B.G. Katz, Foley, Hoag & Eliot, Boston, MA, Charles S. Cohen, Egan, Flanagan & Cohen, P.C., Springfield, MA, for George R. Ditomassi, Jr.

## *MEMORANDUM REGARDING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE FIRST AMENDED COMPLAINT*

(Docket Nos. 7 & 8)

PONSOR, District Judge.

### I. *INTRODUCTION*

Plaintiffs George Serafino and his daughter, Anita Serafino, initially filed this suit in state court challenging certain actions arising

out of their employment with Milton Bradley Company ("Milton Bradley"), a division of defendant Hasbro, Inc. ("Hasbro").

Anita Serafino claims under Mass.Gen.L. ch. 151B that defendants responded inadequately to an alleged pattern of sexual harassment in her work environment (Count I), and asserts that defendants violated her equal rights protected by Mass.Gen.L. ch. 93, § 102 (Count III). Both plaintiffs claim defendants subjected them to retaliation in violation of Mass.Gen.L. ch. 151B, § 4A (Count II) for Anita Serafino's filing of charges.

George Serafino individually claims that defendants' alleged retaliation deprived him of certain benefits (Count IV), ultimately including termination of employment (Count VIII), and seeks damages on a theory of *quantum meruit* (Count V). He further asserts that defendant George Ditomassi ("Ditomassi") intentionally interfered with an advantageous relationship (Count VI). Both plaintiffs seek injunctive relief against further retaliation (Count VII).

Asserting federal question jurisdiction, defendants removed the case to this court and now seek dismissal of all claims brought by plaintiff George Serafino.[1] Defendants contend that George Serafino's invocation of the privilege against self-incrimination during discovery has significantly impaired their ability to mount a defense. Defendants also move to strike plaintiffs' First Amended Complaint to prevent plaintiffs, in the event of remand, from relying on it as a basis for seeking a jury trial in state court.

For the reasons set forth below, all claims brought by plaintiff George Serafino (Counts IV, V, VI and VIII) and portions of Counts II and VII will be dismissed with prejudice. Anita Serafino's claims (Counts I, II, III and VII) will be remanded to state court. The Motion to Strike will be denied without prejudice.

## II. *FACTS*

Viewing them in the light most favorable to plaintiff, the facts are as follows. George Serafino began employment as a group leader with Milton Bradley in 1972. In 1976, he founded Hamden Battery, a battery reconditioning company providing services exclusively to Milton Bradley. ABC Janitorial Services, another business owned by George Serafino, commenced a contractual relationship with Milton Bradley in 1984. George Serafino alleges that in 1985 Milton Bradley began to pay him for twenty hours per week in overtime for additional responsibilities performed by him that included the supervision of grounds maintenance.

Anita Serafino started employment at Milton Bradley as a security guard in or about May 1989 and claims she began experiencing a pattern of sexual harassment on or about July 29, 1991. The alleged harassment involved peep holes in the women's rest room, sexually suggestive remarks and intimidating gestures. Anita Serafino claims that despite her report of the situation to superiors, the harassment continued until August 2 when the situation caused her to become ill and leave work temporarily. She ultimately filed a complaint with the Massachusetts Commission Against Discrimination, asserting that the company's investigation and disciplinary proceedings were inadequate.

Plaintiffs allege that, in retaliation for Anita Serafino's filing of charges, defendant Ditomassi, a Milton Bradley corporate official, instructed subordinates to undermine or discontinue many of George Serafino's business arrangements and personal benefits. The instructions purportedly caused, for example, the termination of overtime payments to George Serafino and the end of relations between Milton Bradley and Hamden Battery.

During discovery, George Serafino invoked his Fifth Amendment privilege against self-incrimination and refused to answer certain

---

1. Defendants removed this case on the ground that plaintiff George Serafino's claims will require the court to construe a collective bargaining agreement and that therefore they are preempted by federal labor law, 29 U.S.C. § 185. This basis for removal seems dubious but it is not necessary to address the issue because (1) plaintiffs did not submit a motion to remand, and (2) the dismissal of George Serafino's claims will eliminate the federal question and permit remand in any event.

questions regarding the various benefits allegedly denied him. Defendants filed a motion to dismiss on the ground that the refusal to answer questions significantly prejudiced their ability to mount a defense.

## III. STANDARD OF REVIEW

■ When a motion to dismiss turns on a plaintiff's valid invocation of the Fifth Amendment to refuse answering questions during deposition, the court must balance the plaintiff's constitutional privilege against self-incrimination with the defendant's ability to mount a defense. *Wansong v. Wansong*, 395 Mass. 154, 157–158, 478 N.E.2d 1270 (1985), *cert. denied*, 474 U.S. 1014, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985). *See also Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1088 (5th Cir.1979) (privilege invoked by plaintiff during pre-trial discovery warrants dismissal absent other less burdensome and effective means of preventing unfairness to defendant).

■ Once the federal claims of a removed case are eliminated, "a district court has discretion to remand to state court a removed action involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988); *Masdea v. Scholz* 742 F.Supp. 713, 717 (D.Mass.1990). The court's exercise of discretion should be guided by "the principles of economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. at 357, 108 S.Ct. at 623.

## IV. DISCUSSION

■ The central question presented by this action is whether George Serafino's invocation of the Fifth Amendment at deposition warrants the dismissal of all his claims. While the privilege was invoked in a proper manner, its assertion works substantial, unfair prejudice upon the defendants. For this reason, George Serafino's claims must be dismissed. Further adjudication of the remaining claims and jury demand is best reserved for the state court.

### A. Motion to Dismiss

■ The privilege against self-incrimination guarantees "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence." *Spevack v. Klein*, 385 U.S. 511, 514, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967) (citation omitted), quoting *Malloy v. Hogan*, 378 U.S. 1, 8, 84 S.Ct. 1489, 1493–94, 12 L.Ed.2d 653 (1964). The term "penalty" refers to "any sanction which makes the assertion of the Fifth Amendment privilege 'costly.' " *Spevack v. Klein*, 385 U.S. at 515, 87 S.Ct. at 628, quoting *Griffin v. California*, 380 U.S. 609, 614, 85 S.Ct. 1229, 1232–33, 14 L.Ed.2d 106 (1965).

■ Dismissal is always "costly" from the complainant's perspective. *Campbell v. Gerrans*, 592 F.2d 1054, 1057 (9th Cir.1979). Nonetheless, the concern for a party's unimpeded ability to remain silent does not mean courts should turn a blind eye to the predicament that silence may create for an opposing party in a civil case. On the contrary, when a plaintiff invokes the privilege against self-incrimination to refuse answering relevant and necessary questions during deposition, it is within the court's discretion to dismiss the plaintiff's claims. *See Hiley v. United States*, 807 F.2d 623, 628 (7th Cir.1986); *Mt. Vernon Sav. & Loan Asso. v. Partridge Associates*, 679 F.Supp. 522, (D.Md.1987); *Stop & Shop Cos. v. Interstate Cigar Co.*, 110 F.R.D. 105, 108 (D.Mass.1986). The discretion to dismiss exists even in the absence of an order compelling answers pursuant to Fed.R.Civ.P. 37(a)(2). *Stop and Shop Cos. v. Interstate Cigar Co.*, 110 F.R.D. at 108.

■ However, the court's discretion is not without limits; a plaintiff's refusal to answer questions during discovery does not warrant *automatic* dismissal. Rather, the "judge's task is to balance any prejudice to the other civil litigants which might result ... against the potential harm to the party claiming the privilege if he is compelled to choose between defending the civil action and protecting himself from criminal prosecution." *Wansong v. Wansong*, 395 Mass. at 157, 478 N.E.2d 1270, quoting *United States Trust Co. of New York v. Herriott*, 10 Mass.App.Ct. 313, 317, 407

N.E.2d 381 (1980). This balancing approach ensures that a plaintiff's right to be silent does not obscure a defendant's right to mount a defense.

■ When applying this balancing test, the Fifth Amendment privilege should be upheld unless defendants have substantial need for particular information and there is no other less burdensome effective means of obtaining it. *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d at 1088; *United States v. Parcels of Land*, 903 F.2d 36, 44–45 (1st Cir.1990) (district courts must strive to accommodate a claimant's Fifth Amendment interests), *cert. denied, Laliberte v. United States*, 498 U.S. 916, 111 S.Ct. 289, 112 L.Ed.2d 243 (1990).

Hasbro and Ditomassi seek answers essential to mounting an effective defense. They argue that George Serafino has no right to relief, because he used unlawful criminal means to obtain the disputed benefits in the first place.[2] If this were true, defendants would have a legitimate justification for their action—a crucial segment of any defendant's response to this sort of claim. Nevertheless, when defendants asked George Serafino questions necessary to this defense, he categorically refused to answer. Defendants' questions included the following: "Did you do any work with anybody connected with Milton Bradley that was not in the normal course of [your regular] job assignments? ... Do [sic] you ever perform personal services for any member of the management of Milton Bradley? ... Did you give money to other people as a condition for doing business with Milton Bradley? ... Did anybody from Milton Bradley ever ask you for money as a condition of doing business at Milton Bradley which you refused to give? ... Did any other official of Milton Bradley ever get any financial benefit from [ABC Janitorial Services]?" Dep. of George Serafino, Defs.' Mem.Supp. Dismiss at tab D.

The success of defendants' effort to mount an effective defense turns on the answers George Serafino refused to provide. Moreover, there are no company records or other Hasbro employees whose information could effectively substitute for responses from George Serafino himself. The invocation of the Fifth Amendment by this plaintiff deprives defendants of evidence at the very heart of their defense.

Given the importance of the evidence, no other less drastic alternative remedy for the problem raised by plaintiffs' action is available. As noted, no equivalent alternate sources of the information exist. Imposition of a stay until the relevant criminal statute of limitations expires, especially absent such a motion from plaintiffs, would generate an unacceptable delay and would place undue hardship on the defendants. *Cf. Wehling v. Columbia Broadcasting Sys.*, 608 F.2d at 1088 (allowing a motion to stay for three years).

In short, George Serafino cannot initiate a lawsuit and then hide behind the Fifth Amendment when the defendants seek facts relevant and necessary to their defense. To hold otherwise would permit the plaintiff to turn his Fifth Amendment shield into a sword that injures his adversaries' ability to mount their defense. *See Wehling v. Columbia Broadcasting Sys.*, 608 F.2d at 1087. Accordingly, the motion to dismiss all claims brought by George Serafino will be allowed.

■ Upon dismissal of George Serafino's claims, only Anita Serafino's pendent gender discrimination and equal rights charges remain. The remaining claims rely on state law and originated in state court. In light of these factors and the discretion afforded to courts in addressing purely state law claims, the court finds exercise of further federal jurisdiction over the case inappropriate. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Martinez v. Colon*, 54 F.3d 980, 990–991 (1st Cir.1995). To minimize the time and expense of refiling, the remaining claims will be remanded to state court. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988) (district courts may remand remaining state claims if

---

**2.** George Serafino's alleged involvement in an ongoing scheme to defraud Hasbro is the basis of a pending civil action filed separately by defendants under the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. §§ 1961, *et seq.*

such action "best serves the principles of economy, convenience, fairness, and comity"); *Masdea v. Scholz* 742 F.Supp. 713, 716–717 (D.Mass.1990).

### B. *Motion to Strike*

█ In addition to their motion to dismiss, defendants move to strike plaintiffs' First Amended Complaint. Acknowledging that Fed.R.Civ.P. 81(c) permits a jury demand upon removal even by a party who waived that right in state court, defendants do not object to plaintiffs' jury demand while the case remains in federal court. However, defendants fear that a failure to strike the First Amended Complaint now will improperly enable plaintiffs to preserve their jury claim upon remand. Whether the plaintiff will enjoy a jury trial upon remand is a question best reserved for the state court. Therefore, defendants' motion to strike the First Amended Complaint will be denied without prejudice.

### V. *CONCLUSION*

For the reasons set forth above, all claims brought by plaintiff George Serafino (Counts IV, V, VI and VIII) and portions of II and VII will be dismissed with prejudice. Anita Serafino's claims (Counts I, II, III and VII) will be remanded to state court. The Motion to Strike will be denied without prejudice.