van Gestel, J.
This matter comes before the Court on a motion by the plaintiff, Cape Wind Associates, LLC (“Cape Wind”), seeking an order to compel the defendant, John Donelan, to answer questions at his deposition.
BACKGROUND
At his deposition, Donelan, on advice of his counsel, took shelter behind the Fifth Amendment to the United States Constitution on almost every question asked. Indeed, the following responses and colloquy occurred starting with the very second question asked.
Q. And where do you live, Mr. Donelan?
MR. HORSTMANN: Assert the Fifth on that.
A. On the advice of counsel, I respectfully assert my privilege against self incrimination as secured in the Fifth Amendment to the United States Constitution and respectfully refuse to answer the question.
Q. Are you currently, employed, sir?
A. On the advice of counsel, I respectfully assert my privilege against self-incrimination as secured in the Fifth Amendment to the United States Constitution and I refuse to answer the question.
Q. Until recently, sir, were you employed by the Alliance to Protect Nantucket Sound?
A. On the advice of counsel, I respectfully assert my privilege against self-incrimination as secured in the Fifth Amendment to the United States Constitution and refuse to answer the question.
Q. Well, are you going to answer that to every question that I ask?
MR. HORSTMANN: As to every question that has to do with his relationship to the Alliance, as to Cape Wind, as to his employment background, as to life, death, the American Dream on Cape Cod.
There followed over 445 questions to which Donelan in his answer took shelter in the Fifth Amendment.
DISCUSSION
This is a civil action. Consequently, the invocation of the Fifth Amendment privilege can result in sanctions against the litigant who asserts it. See Department of Revenue v. B.P., 412 Mass. 1015, 1016 (1992); Wansong v. Wansong, 395 Mass. 154, 157-58 (1985). Further, the Court can draw an adverse inference against the party who invokes the privilege. See Frizado v. Frizado, 420 Mass. 592, 596 (1995); Kaye v. Newhall 356 Mass. 300, 305-06 (1969).
This Court must examine the effect that Donelan’s claim of privilege should have on this civil action. In doing so, the Court’s “task is to balance any prejudice to the other civil litigantf ] which may result . . . against the potential harm to the party claiming the privilege if he is compelled to choose between defending the civil action and protecting himself from criminal prosecution.” United States Trust Co. v. Herriott, 10 Mass.App.Ct. 313, 317 (1980).
Here, Cape Wind seeks civil relief by way of injunction and monetary damages resulting from Donelan’s sending of a false press release defaming Cape Wind through an e-mail account opened under a fictitious name, but controlled by Donelan. Both Donelan, and *646 the Executive Director of his employer, Susan Nicker-son of Alliance to Protect Nantucket Sound, Inc., have apparently admitted to the Cape Cod Times that Donelan did what he is accused of doing. See Cape Cod Times, March 3, 2004, and March 4, 2004. Civil liability seems apparent.
The evidence relating to the acts with which Donelan is charged are peculiarly and totally within his knowledge, and are significantly outside of the information possessed by other persons or entities. Consequently, the only real way in which Cape Wind may discover and obtain such evidence is from Donelan himself. If Donelan choosesas is his rightnot to provide that evidence, then he should not be permitted to challenge the claims against him in this civil proceeding.
Under the circumstances, imposing an order compelling discovery as provided for in Mass.R.Civ.P. Rule 37(a)(2) seems appropriate here. See, e.g., Wansong, supra, 395 Mass, at 158.
ORDER
The defendant, John Donelan, is ordered, pursuant to Mass.R.Civ.P. Rule 37(a)(2), to answer those question propounded to him at his deposition. This Order is not intended to interfere with any constitutional rights that John Donelan may legitimately choose to exercise. He is advised, however, that should he fail to provide such answers the sanction that this Court will impose, pursuant to Mass.R.Civ.P. Rule 37(b)(2)(B), will be an order refusing to allow John Donelan to oppose the claims brought against him in the complaint, thereby establishing liability and setting the matter down for an assessment of damages.