McCann, John S., J.
INTRODUCTION
The plaintiff Elaine S. Fahey, Administratrix of the Estate of Jessie Fahey is represented by David A. Taiman, Esq. The defendant Jason D. Briddon is represented by Mel Greenberg, Esq. and Howard Stempler. The defendant Christopher W. Bruce is represented by Nunziata S. Reynolds, Esq.
FACTUAL BACKGROUND
The plaintiff Jessie Fahey brought a complaint against Jason D. Briddon and Christopher W. Bruce. The first three counts, against Jason D. Briddon, are the following: Count I false imprisonment of the plaintiff; Count II assault and battery of the plaintiff; and Count III intentional infliction of emotional distress by extreme and outrageous conduct.
A fourth count was brought against the defendant Christopher W. Bruce alleging negligence and claiming essentially that Briddon was the caretaker of Bruce’s property at 178 Burncoat Street which allowed Briddon to have access to the premises despite Bruce’s knowledge of Briddon’s propensity to act out sexually against the plaintiff. Appropriate answers were filed by each defendant denying the allegations.
In a related criminal case, Commonwealth v. Briddon, Docket No. CR 2008-1786, in which Jessie Fahey was the alleged victim, and which underlying facts give rise to this civil action, Briddon was charged in fourteen indictments, seven alleging aggravated rape; one alleging kidnapping with serious bodily injury while armed; one indictment alleging assault and battery with a dangerous weapon and five indictments alleging assault and battery. After a jury trial, Briddon was found guilty on one count of aggravated rape and one count of assault and battery. One aggravated rape charge was dismissed, and he was found not guilty on the remaining indictments. The verdict has been appealed and is presently before the Appeals Court in Docket No. 2011-P-0625. In addition to the direct appeal Briddon filed a motion for a new trial and a request for an evidentiary hearing which is still pending in the Worcester Superior Court. As a result of the motion for a new trial, the appellate proceedings on the case in chief have been stayed pending resolution of the motion for a new trial.
During the pendency of this case, Jessie Fahey died. A suggestion of death was filed. Elaine S. Fahey, Administratrix of the Estate of Jessie Fahey, filed a substituted appearance.
The alleged factual context of this case is the following: Briddon had been married for several years to Wendy Briddon. They had two young children. Sometime in 2005 Briddon had an extramarital sexual affair with one woman. That lasted until he was ordered into custody following the October 8, 2008 event which is the subject matter of this case.
In 2007, Briddon had sexual relations with yet another woman. That relationship resulted in an in *73 dictment for rape. That case was tried in 2009 and ended with a hung jury and a mistrial. In that case, Briddon denied lack of consent by the alleged victim. The case has yet to be retried.
In the present action, Jessie Fahey alleges serious injury caused by Briddon on October 8, 2008. She agreed to an act of prostitution (oral sex) with him. He took her to the vacant home of Christopher Bruce. She claims there that Briddon raped her vaginally and anally, assaulted and battered her, and kidnapped her for several hours. He was convicted of two of those crimes in January of 2010. At present he is serving his sentence. Appeals are pending on his case.
Jessie Fahey died in July of 2010 for causes her psychiatrist suggests relate to the October 8, 2008 event. This present suit seeks damages for conscious pain and suffering and wrongful death of Jessie Fahey.
In the 2010 criminal trial involving Jessie Fahey, evidence was introduced that Briddon had a prescription bottle with a 2009 expiration date for Levitra, a drug used to counter the effects of erectile dysfunction. Briddon denies that Levitra was prescribed for that purpose. At the trial, Briddon admitted to having oral and vaginal sex with Jessie Fahey, but denied having anal sex. There was evidence of bruising of Jessie Fahey’s anal and vaginal areas as a result of a medical examination shortly after her escape from Briddon.
Interrogatories were submitted by the plaintiff to the defendant. The present issue involves interrogatory No. 4 which states:
4. From the date of your marriage to Wendy Briddon to October 9, 2008 set forth the following:
a. The number of times you had sexual relations with a person other than Wendy Briddon and the plaintiffs decedent.
b. In each case the name and address of the person with whom you had sexual relations.
c. In each case whether the sexual relations were vaginal, oral or anal.
d. In each case whether the sexual relations were consensual.
e. In each case, the amount of money paid by you to the other person engaged in the sexual relations with you.
f. In each case, whether a complaint was made against you to police or other third party persons regarding the sexual relations.
g. if your answer to the previous question was in the affirmative, set forth the identity of the police force, officer or third person involved, and how the complaint was resolved.
The defendant did not answer interrogatory No. 4, but provided the following answer:
Answer: Defendant Jason Briddon objects to interrogatory No. 4 on the grounds that said request seeks information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.
On March 22, 2011, this court allowed a motion to compel the defendant Jason Briddon to further answer plaintiffs interrogatory No. 4. On April 4, 2011, the defendant Jason D. Briddon filed a motion to vacate the court’s allowance of the plaintiffs motion to compel on the grounds that there was insufficient notice of the hearing date on the motion. The court allowed the defendant’s motion to vacate.
On March 24,2011, the plaintiff took the deposition of Briddon at the North Central Correctional Institution in Gardner, Massachusetts. Briddon refused to answer the following questions:
1. Whether from 2007 to October 2008, he had any sexual partners other than his wife, the plaintiffs decedent, Denise Gould and Shauna Callahan (the alleged victim in the pending indictment regarding the alleged rape in 2007).
2. The questions as set forth in interrogatory No. 4 seeking the specifics of Briddon’s sexual relations with persons other than his wife and the plaintiffs decedent.
3. What was the name of the woman, other than Fahey, with whom he had sex at 178 Burncoat Street before October 9, 2008.
4. Whether the sexual encounter referred to in question No. 3 involved prostitution.
Briddon declined to answer each question claiming Fifth Amendment protection in each instance.
Plaintiff filed a motion for sanctions against Briddon for his refusal to answer deposition questions by claiming his Fifth Amendment privilege. This court issued a finding of “no action at present” on May 25, 2011.
On the same date, the plaintiff filed a motion to compel Jason Briddon to further answer deposition questions. Briddon refused to answer the following questions at his deposition:
1. Whether he and Shauna Callahan ever had a date together before the incident which is the subject of the rape indictment.
2. Whether he received the $25,000 he was due to receive in connection with his divorce agreement (in October 2010).
3. Whether he authorized his attorney in the criminal case against him to file the pleading of which exhibit 19 is a copy.
4. Whether the items listed on exhibit 19 were his or not.[1]
On June 28, plaintiff filed a motion for clarification of the court’s ruling on plaintiffs motion for sanctions *74 against Jason Briddon regarding his refusal to answer deposition questions claiming his Fifth Amendment privilege. The court denied that motion on July 25, 2011.
DISCUSSION
This court has previously ordered the defendant, Jason Briddon, to answer Interrogatory No. 4 (“the interrogatory”) propounded by the plaintiff, and to respond to a number of questions submitted by the plaintiff to the defendant at the latter’s deposition. In lieu of response, the defendant has repeatedly invoked his privilege against self incrimination. The plaintiff has renewed its Motion to Compel Responses to the various discovery requests, and has also moved for sanctions against the defendant should he continue to refuse response. This court, for the reasons set forth below, orders the defendant to answer the interrogatory and to answer each of the deposition questions posed. This order is limited to the issue of whether the information sought is discoverable, and makes no comment on the potential admissibility or inadmissibility of the information at trial. See Frederico v. Ford, 67 Mass.App.Ct. 454, 461 (2006) (discovery process defers questions regarding admissibility of answers to trial).
The invocation of the Fifth Amendment privilege against self-incrimination in a civil action can result in sanctions against the litigant who asserts it. Dept. of Revenue v. B.P., 412 Mass. 1015, 1016 (1992). The court employs a balancing test when presented with a civil litigant’s claim of privilege. Wansong v. Wansong, 395 Mass. 154, 157-58 (1985). The court must balance the prejudice to the party seeking discovery which might result from being unable to access certain information against the “potential harm to the party claiming the privilege if he is compelled to chose between defending the civil action and protecting himself from criminal prosecution.” Id. When the prejudice to the party seeking discovery outweighs the potential harm to the invoking party, the court may sanction them. Id.; see Lenzt v. Metro. Prop. & Cas. Ins. Co., 437 Mass. 23, 26 (2002) (even without formal sanction a reasonable adverse inference may be drawn against parly invoking the privilege).
In Wansong, the plaintiff to a divorce proceeding repeatedly invoked his privilege against self-incrimination in response to deposition questions regarding his relationship to, and financial arrangement with, another woman. Wansong, 395 Mass. at 155. The Court upheld sanctions against the plaintiff for his continued refusal, noting that the trial court appropriately found that the defendant’s need for the protected information outweighed the plaintiff s fear that information regarding an allegedly adulterous relationship would expose him to criminal prosecution. Id. at 157. Here, the plaintiff is seeking money damages for the conscious pain and suffering, and wrongful death, of her decedent. Both claims stem from an incident of sexual assault for which Mr. Briddon has already been charged and convicted. Mr. Briddon’s interest in protecting himself from future criminal prosecution is therefore outweighed by the plaintiffs need to ascertain the nature of Mr. Briddon’s finances, the nature and scope of Mr. Briddon’s previous extramarital relationships, and information regarding Mr. Briddon’s presence at the scene of the assault.
The plaintiff has an additional claim against defendant Bruce for negligently allowing Mr. Briddon to use his premises to assault Plaintiffs decedent. Defendant Bruce maintains that he did not know of Mr. Briddon’s presence on his premises on the night Mr. Briddon assaulted plaintiffs decedent. Mr. Briddon’s prior use of Mr. Bruce’s premises to entertain relations therefore bears directly on whether Mr. Bruce knew or should have known of Mr. Briddon’s use on the night he assaulted plaintiffs decedent. It therefore bears directly on the issue of Mr. Bruce’s negligence. Preventing the plaintiff from ascertaining the extent of Mr. Briddon’s prior use of Mr. Bruce’s premises would prejudice the Plaintiff in litigating her claim.
ORDER
In regard to interrogatory No. 4, Briddon is ordered to respond by filing answers to each of the questions set forth in interrogatory No. 4.
In regard to the questions asked during the depositions of Briddon, Briddon is ordered to answer each of the questions posed.
Any answers to interrogatories filed by counsel for Briddon shall not be disseminated or published in any form, but shall be retained by counsel until further order of the court. In regard to any depositions of Briddon, any and all depositions of Briddon shall not be published and shall be retained by counsel until further order of the court.
In the event that Briddon fails to answer Question No. 4 on the interrogatories, or to answer questions posed at his deposition, the court orders that the defendant be prohibited from opposing the claims against him and that a judgment against him be entered, and be set down for assessment of damages.

 Exhibit 19 was a motion in limine to exclude certain items seized in the Superior Court Criminal case Docket no. 2008-1786 consisting of the following properly: (1) Two Hallmark greeting cards dated 2005, (2) a letter written to the defendant dated in 2005, (3) a bottle of Levitra, (4) two prescription bottles, (5) set of handcuffs, (6) six folding knives, (7) a Swiss army knife, (81 plastic bottle containing assorted pills and (9) personal papers taken from the motor vehicle.